VIEN-PHUONG THI HO
2620 Fashion Avenue
Long Beach, CA. 90810
Telephone: (562) 715-6618
vien.statement@yahoo.com
Plaintiff in Pro Per

*lodged prepared order*

2010 MAR 10 PM 4:30

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# United States District Court
## Central District of California

| | |
|---|---|
| Vien-Phuong Thi Ho<br>**Plaintiff**<br>vs<br>Countrywide Home Loans, Inc., California Corp.<br>**Defendant**<br>BAC Home Loans Servicing, LP.<br>**ReconTrust Company, N. A.**<br>Does 1 thru 10..<br>**Defendants** | Case No. C10-00741 GW (SSx)<br>Honorable George H. Wu<br>Magistrate Judge Suzanne H. Segal<br><br>**JURY TRIAL DEMANDED**<br>**MOTION FOR JUDGMENT ON PLEADINGS**<br><br>CERTIFICATE OF CONFERENCE<br><br>ORDER<br>April 8, 2010 Courtroom 10<br>8:30AM |

Notice of Motion and Motion to Dismiss Plaintiff's Complaint; Memorandum of Points and Authorities in Support Thereof; Request for Judicial Notice in Support of Motion to Dismiss Plaintiff's Complaint; Proposed Order Granting Defendant's Motion to Dismissed Plaintiff's Complaint. Defendants Filed on: February 26, 2010

[Filed concurrently with Answer to 12(b)(6) Motion to Dismiss, Motion to Strike under Rule 12(f), Motion for Judgment on Pleadings and Certificate of Conference, and Notice of Objection to Exhibit 1.]

Respectfully Submitted,

Vien-Phuong Thi Ho

Action Of Vien-Phuong Thi Ho          NOTICE OF OBJECTION          dated: 3/10/2010

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vien-Phuong Thi Ho<br>**Plaintiff**<br><br>vs<br><br>COUNTRYWIDE HOME LOANS, INC, et al<br>**Defendant**<br><br>ReconTrust Company NA.; Does 1 thru 10<br>**Defendant** | § Case No. C10-00741 GW (SSx)<br>§<br>§ Judge Honorable George H Wu<br>§<br>§ Magistrate Judge Suzanne H. Segal<br>§<br>§ **JURY TRIAL DEMANDED**<br>§ **MOTION FOR JUDGMENT**<br>§ **ON THE PLEADINGS**<br>§ |

**MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C) OF THE FEDERAL RULES OF CIVIL PROCEDURE,
OR ALTERNATIVELY, SUMMARY JUDGMENT UNDER RULE 56(C) FED.R.CIV.P**

## I. Introduction:

The plaintiff moves the court for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules Of Civil Procedure, or alternatively Summary Judgment under Rule 56(c) F.R.C.P. As this is a motion for judgment on the pleadings, the court is to look at the allegations found in the four corners of the Plaintiffs' complaint, to the extent said complaint contains any facts. The pleadings and record in this case unequivocably demonstrate that plaintiff is entitled to judgment, as a matter of law. Alternatively, plaintiff request that this court enter Summary judgment under Rule 56(c), as no material facts are in dispute, and plaintiff is entitled to judgment as a matter of law. Plaintiff further shows the court the following:

## II. Preliminary Statement:

Entry of Judgment on the pleadings under Rule 12(c) F.R.C.P, in favor of the plaintiff, is proper, and appropriate in this case, because there are no material facts in dispute regarding any of plaintiff's claims. Entry of judgment on the pleadings is clearly appropriate because defendant's answer to the complaint concedes the essential elements of plaintiff's claims, and judgment is appropriate. Defendants have further failed to plead any defenses or establish a genuine dispute of facts in this case, and thus judgment on the pleadings, or entry of Summary Judgment, is appropriate in this case.

# TABLE OF CONTENTS

I. Introduction..................................................................................................1

II. Preliminary Statement..................................................................................1

III. Index Of Authorities - Table of Cases.........................................................3

IV. Rules & Statutes...........................................................................................3

V. Nature And Stage Of The Proceedings........................................................4

VI. Grounds and Relief Sought..........................................................................4

VII. Issues To Be Decided By The Court............................................................5

VIII. Statement of Undisputed Material Fact........................................................6

IX. Summary Of The Argument.........................................................................7
   PLAINTIFF IS ENTITLED TO ENTRY OF JUDGMENT ON THE PLEADINGS UNDER RULE 12(C) F.R.C.P - MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C) OR SUMMARY JUDGMENT UNDER F.R.C.P RULE 56(c) ......7

   THE COURT SHOULD ENTER JUDGMENT ON THE PLEADINGS, BECAUSE DEFENDANT'S ANSWER TO THE COMPLAINT CONCEDES THE ESSENTIAL ELEMENTS OF PLAINTIFF"S CLAIMS AND FAILS TO PLEAD ANY DEFENSES ESTABLISHING A GENUINE DISPUTE ......8

   ALTERNATIVELY, THE COURT SHOULD ENTER A SUMMARY JUDGMENT UNDER RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEURES AS THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT, AND THE PLAINTIFF IS INDEEDED ENTITLED TO JUDGMENT AS A MATTER OF LAW. ......9

X. Points & Authorities ...........................................................................10-11

XI. Conclusion and Prayer...............................................................................12

XII. Certificate of Service..................................................................................13

XIII. Proposed Order...........................................................................................14

XIV. Appendix of Exhibits..................................................................................15

## III. INDEX OF AUTHORITIES

### FEDERAL CASES

Page No(s))

*Anderson v. Liberty Lobby, Inc.* .................................................................................... 12
477 U.S. 242, 247 (1986)

*Bell Atlantic Corp. v. Twombly* ..................................................................................... 11
127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007)

*Celotex Corp. v. Catrett* ................................................................................................. 11
477 U.S. 317, 322 (1986)

*Erickson v. Pardus* ......................................................................................................... 11
127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)
                                                                                                                           11

*Guidry v. American Public Life Insurance Co* .............................................................. 12
512 F.3d 177 (5th Cir. 12/21/2007)

*Sigley v. City of Parma Heights, F.3d* ........................................................................... 12
F.3d, 2006 WL 305524 (6th Cir. Feb. 10, 2006)

*S&S Constr., Inc. v. Reliance Ins. Co* ........................................................................... 11
42 F. Supp.2d (D.S.C. 1998).
*Turbe v. Government of Virgin Islands* ........................................................................ 11
938 F.2d 427, 428 (3d Cir. 1991)

### IV. RULES AND STATUTES

*Fed. R. Civ. P. 12(c)* ...................................................................................................... 11
*Federal Rules of Civil Procedure*
**(Motion For Judgment On the Pleadings)**

*Fed. R. Civ. P. 56(c)* ...................................................................................................... 12
*Federal Rules of Civil Procedure*
**(Summary Judgment)**

*Fed. Rule Civ. Proc. 1* ................................................................................................... 12
*Federal Rules Of Civil Procedure*

## V. NATURE & STAGE OF THE PROCEEDINGS

This case was initiated with Plaintiff filing of a Complaint on or about February 2, 2010, in Federal District Court, Central District of California. Plaintiffs, in her Complaint, allege that Defendant committed FRAUD, and violated various state and federal statutes, (e.g. violations of Fair Debt Collection Practices Act, Truth-In-Lending, Racketeer Influenced Corrupt Organizations Act (RICO) inter alia.

On or about February 26, 2010, Defendants collectively filed a "Motion to Dismiss Plaintiff's Complaint" pursuant to Rule 12(b)(6) basically citing defects in procedural matters, such as pleading requirements, and purporting to believe that plaintiff's complaint failed to state a claim. On March 8, 2010, plaintiff moved to strike the Rule 12(b)(6) asserting an insufficient defense, and other procedural defects. Defendant has never denied that it is not the holder in due course of an alleged promissory note signed by the plaintiff. Plaintiff now moves for Judgment on the pleadings and shows the court as follows:

## VI. GROUNDS AND RELIEF SOUGHT

6.1 GROUNDS: - The grounds of this motion for Judgment on the pleadings is firmly rooted in the solid and uncontroverted fact that no material issues are in dispute in this case, and plaintiff is indeed entitled to a Judgment on the pleadings, under Rule 12(c), or alternatively, Rule 56(c) of the Federal Rules of Civil Procedure, as a matter of law.

Further grounds exist and is founded upon the uncontroverted fact that defendant's answer to the plaintiff's complaint clearly concedes, and admits the essential elements of plaintiff claims, and these defendants fails to plead any defense that would establish a genuine dispute, and thus, entry of judgment is warranted.

6.2 RELIEF SOUGHT: - The relief sought includes entry of judgment on the pleadings, or alternatively Summary Judgment against the defendants, and each of them, for the full amount demanded in the complaint, and amended complaint, and a permanent injunction should issue enjoining defendants of the illegal acts complained of in plaintiff's original and amended complaint.

## VII. ISSUES TO BE DECIDED BY THE COURT

The issues to be decided by this court relative to this motion are as follows:

*ISSUE NO 1:* **WHETHER PLAINTIFF'S COMPLAINT & EXHIBITS STATE A VALID CLAIM FOR RELIEF WHICH ENTITLES PLAINTIFF TO ANY RELIEF UNDER LAW**

*ISSUE NO 2:* **WHETHER DEFENDANT'S ANSWER TO THE COMPLAINT CONCEDES TO PLAINTIFF'S CLAIMS AND CAUSES OF ACTIONS**

*ISSUE NO 3:* **WHETHER DEFENDANTS HAVE RAISED ANY VALID DEFENSES OR ESTABLISHED A GENUINE DISPUTE OF FACTS**

*ISSUE NO 4:* **WHETHER SUMMARY JUDGMENT IS APPROPRIATE UNDER RULE 56(c) IN LIGHT OF THE FACT THAT NO MATERIAL FACTS ARE IN DISPUTE**

*ISSUE NO 5* **WHETHER ENTRY OF A DECLARATORY JUDGMENT ON THE PLEADINGS IS APPROPRIATE IN THIS CASE IN LIGHT THTA NO MATERIAL ISSUES ARE IN DISPUTE**

*ISSUE NO 6:* **WHETHER ENTRY OF JUDGMENT IS APPROPRIATE AGAINST ALL PARTIES**

Relative to Issue No 1. above, a cusory review of plaintiff's pro se complaint clearly demonstrate that plaintiff has met the low bar pleading requirements for pro se litigants, and is entitled to entry of judgment on these claims.

With respect to Issue No 2 and Issue No 3 above, it is clear from the record that defendant's answer to the complaint concedes to plaintiff's claims and cause of action, and the defendants have presented no evidence what-so-ever, which raises any valid dispute to any of plaintiff's causes of action. Defendant's 12(b)(6) motion is without merit

Finally, with respect to Issue No 4,5, and 6 above, it is clear that no material fact is in dispute in this case, and neither of the parties have raised any disputed material issue for trial. Thus, each defendant individually is subject to entry of judgment on the pleadings.

Vien-Phuong Thi Ho VS COUNTRYWIDE HOME LOANS, INC, et al  Civil Action Number: C10-00741 GW (SSx)
Case 2:10-cv-00741-GW-SS Document 15 Filed 03/10/10 Page 7 of 16 Page ID #:231
Page 6 of 13

## VIII. STATEMENT OF UNDISPUTED MATERIAL FACTS

All of the following material facts are undipusted in this case:

8.1  It is undisputed that defendant Country Wide Home Loans, is not the true holder in due course of the note affiliated with property which made the basis of this lawsuit..

8.2  It is undisputed that defendant Bank of America, is not the true holder in due course of the note affiliated with property which made the basis of this lawsuit..

8.3  It is undisputed that defendant Reconstruct Trust Company, is not the true holder in due course of the note affiliated with the property which made the basis of this lawsuit..

8.4  It is undisputed that MERS, is not the true holder in due course of the note affiliated with the property which made the basis of this lawsuit.

8.5  It is undisputed that neither Country Wide Home Loans, Bank of America, or Reconstrust Trust company, is in possession of the original, blue-ink, promissory note affiliated with plaintiff's property which made the basis of this lawsuit and had no legal basis for sending plaintiff letters of collection lettters or notice of default lettters related to foreclosure.

8.6  It is undisputed that neither Country Wide Home Loans, Bank of America, or Reconstrust Trust company, responded to plaintiff's written RESPA inquiries regarding plaintiff's mortgage account, and possession of the original, blue-ink, promissory note affiliated with plaintiff's property which made the basis of this lawsuit and had no legal basis for sending plaintiff letters of collection lettters or notice of default lettters related to foreclosure.

## IX. SUMMARY OF THE ARGUMENT

Entry of Judgment on the pleadings under Rule 12(c) F.R.C.P, in favor of the plaintiff, is proper, and appropriate in this case, because there are no material facts in dispute regarding any of plaintiff's claims. Entry of judgment on the pleadings is clearly appropriate because defendant's answer to the complaint concedes the essential elements of plaintiff's claims, and judgment is appropriate. Defendants have further failed to plead any defenses or establish a genuine dispute of facts in this case, and thus judgment on the pleadings, or entry of Summary Judgment, is appropriate in this case.

**ARGUMENT I**    **PLAINTIFF IS ENTITLED TO ENTRY OF JUDGMENT ON THE PLEADINGS UNDER RULE 12(C) F.R.C.P - MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C) OR SUMMARY JUDGMENT UNDERF.R.C.P RULE 56(c)**

**ARGUMENT II**    **THE COURT SHOULD ENTER JUDGMENT ON THE PLEADINGS, BECAUSE DEFENDANT'S ANSWER TO THE COMPLAINT CONCEDES THE ESSENTIAL ELEMENTS OF PLAINTIFF"S CLAIMS AND FAILS TO PLEAD ANY DEFENSES ESTABLISHING A GENUINE DISPUTE**

**ARGUMENT III**    **ALTERNATIVELY, THE COURT SHOULD ENTER A SUMMARY JUDGMENT UNDER RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEURES AS THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT, AND THE PLAINTIFF IS INDEEDED ENTITLED TO JUDGMENT AS A MATTER OF LAW.**

9.1 The allegations found in the four corners of the Plaintiffs' complaint, clearly establish that the complaint contains valid undisputed, uncontroverted facts which unequivocally demonstrate that plaintiff is entitled to judgment as a matter of law.

9.2 A cursory review of the record in this case demonstrates that defendant's answer to the complaint concedes the essential elements on plaintiff's claims. Moreover, defendants have failed to plead any kind of defenses which establishes that any genuine dispute exists in this case. Defendants are simply unable to avoid the compelling evidence in this case.

9.3 Alternatively, Summary Judgment is appropriate under Rule 56(c) Fed. R. Civ. P. because there is no genuine issue as to any material fact, and the record indicates that plaintiff is entitled to judgment as a matter of law.

**PLAINTIFF IS ENTITLED TO ENTRY OF JUDGMENT ON THE PLEADINGS UNDER RULE 12(C) F.R.C.P - MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C) OR SUMMARY JUDGMENT UNDER F.R.C.P RULE 56(c)**

10.1 The original pleadings, the amended pleadings, and the exhibits, and defendants answer(s) (if any) are incorporated herein by reference.

10. 2 The fact pleadings presently of record demonstrate that plaintiff is entitled to entry of Judgment under Rule 12(c) of the Federal Rules Of Civil Procedure.

10.3 The fact pleadings presently of record demonstrate that plaintiff is the record owner of the subject property which made the basis of this lawsuit and is entitled to entry of Judgment under Rule 12(c) of the Federal Rules Of Civil Procedure.

10.4 The fact pleadings presently of record demonstrate that defendant Countrywide Home Loans, Inc is not the record owner of the subject property which made the basis of this lawsuit and is not entitled to receive mortgage payments from the plaintiff.

10.5 The fact pleadings presently of record demonstrate that defendant Bank of America is not the record owner of the subject property which made the basis of this lawsuit and is not entitled to receive mortgage payments from the plaintiff.

10.6 The fact pleadings presently of record demonstrate that "a short and plain statement of the claim is clearly in view, showing that the plaintiff is entitled to relief, and gives the defendants fair notice of what the. claim is, and the grounds upon which it rests."

10.7 The fact pleadings presently of record demonstrate that plaintiff Vien Phuong Thi Ho is the true and undisputed owner in fee simple, of the subject property which made the basis of this lawsuit.

## THE COURT SHOULD ENTER JUDGMENT ON THE PLEADINGS, BECAUSE DEFENDANT'S ANSWER TO THE COMPLAINT CONCEDES THE ESSENTIAL ELEMENTS OF PLAINTIFF"S CLAIMS AND FAILS TO PLEAD ANY DEFENSES ESTABLISHING A GENUINE DISPUTE

11.1 The original pleadings, the amended pleadings, including the exhibits attached to the pleadings, and defendants answer(s) (if any) are incorporated herein by reference.

11.2 The fact pleadings presently of record demonstrate that plaintiff is entitled to entry of Judgment under Rule12(c) of the Federal Rules Of Civil Procedure, because the defendant's lack of a insufficient answer concedes to the essential elements and complaint of plaintiff's caims.

11.3 A review of the fact pleadings presently of record demonstrate that the 12 (b)(6) motion to dismiss filed by the defendants, is deficient in several respects, and reveal that defendant has failed to plead any sufficient defenses in establishing a genuine dispute in this case.

11.4 A review of the fact pleadings presently of record demonstrate that defendant, Countrywide Home Loans, Inc., is simply not the owner in interest, or beneficiary to any promissory note connected to plaintiff's property.

11.5 A review of the fact pleadings presently of record demonstrate that defendant, Bank of America, is simply not the owner in interest, or beneficiary to any promissory note connected to plaintiff's property.

11.6 A review of the fact pleadings presently of record demonstrate that defendant, Reconstrust Trust Company, is simply not the owner in interest, or beneficiary to any promissory note connected to plaintiff's property.

## ALTERNATIVELY, THE COURT SHOULD ENTER A SUMMARY JUDGMENT UNDER RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEURES AS THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT, AND THE PLAINTIFF IS INDEEDED ENTITLED TO JUDGMENT AS A MATTER OF LAW.

12.1 The original pleadings, the amended pleadings, including the exhibits attached to the pleadings, and defendants answer(s) (if any) are incorporated herein by reference.

12.2 The fact pleadings presently of record demonstrate that plaintiff is entitled to entry of Summary Judgment under Rule56(c) of the Federal Rules Of Civil Procedure, because there is clearly no genuine issue as to any material fact, and plaintiff is entitled to Judgment as a matter of law.

12.3 A review of the answer filed by the defendants reveal that defendant has failed fail to come forward and proffer any competent evidence which dispute that fact that defendant Countrywide Home Loans, Inc. is the true and bonafide owner, and holder in due course, of a promissory note connected to subject real property which made the basis of this lawsuit.

12.4 A review of the answer filed by the defendants reveal that defendant has failed fail to come forward and proffer any competent evidence which dispute that fact that defendant Bank of America is the true and bonafide owner, and holder in due course, of a promissory note connected to subject real property which made the basis of this lawsuit.

12.5 It is not in dispute that defendant Reconstruct is not the true and bonafide owner, and holder in due course, of a promissory note connected to subject real property which made the basis of this lawsuit. Summary Judgment is appropriate.

## X.   POINTS & AUTHORITIES

After the pleadings are closed but within such time as not to delay trial, any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c); S&S Constr., Inc. v. Reliance Ins. Co., 42 F. Supp.2d (D.S.C. 1998). When considering a Rule 12(c) motion, the court must construe the allegations in the complaint in the light most favorable to the non-moving party. See Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991) (holding that when a Rule 12(c) motion alleges plaintiff's failure to state a claim upon which relief can be granted, we analyze the motion under the same standard as a Rule 12(b)(6) motion to dismiss). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). In this case, the facts are pleaded sufficient

A court may grant a motion for judgment on the pleadings when no genuine issues of material fact remain and the case can be decided as a matter of law. The court may, however, take judicial notice of facts not contained in the complaint without converting the motion into that for summary judgment. Cf. In re FAC Realty Secs. Litigation, 990 F.Supp. 416 (E.D.N.C. 1997) (in 12(b)(6) motion, written materials not attached to complaint or incorporated by reference but integral to allegations of complaint and known to nonmoving party), " Bell Atl. Corp. v. Twombly, - U.S. -, 127 S.Ct. 1955, 1974 (2007).

"Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). See Also Guidry v. American Public Life Insurance Co., 512 F.3d 177 (5th Cir. 12/21/2007) However, the irrefutable facts in this case are uncontroverted, and judgment should be entered as a matter of law under Rule 12(c). Summary Judgment is appropriate.

## X. POINTS & AUTHORITIES
(continued)

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Anderson v.Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Sigley v. City of Parma Heights, .3d 2006 WL 305524 (6th Cir. Feb. 10, 2006)

The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact. Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action." Fed. Rule Civ. Proc. 1; see Schwarzer, Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact, 99 EF.R.D.F 465, 467 (1984).

Before the shift to "notice pleading" accomplished by the Federal Rules, motions to dismiss a complaint or to strike a defense were the principal tools by which factually insufficient claims or defenses could be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources. But with the advent of "notice pleading," the motion to dismiss seldom fulfills this function any more, and its place has been taken by the motion for summary judgment.

Rule 56 must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate in the manner provided by the Rule, prior to trial, that the claims and defenses have no factual basis. CELOTEX CORP. v. CATRETT, 106 S. Ct. 2548, 477 U.S. 317 (U.S. 06/25/1986) Summary Judgment is appropriate.

Vien-Phuong Thi Ho VS COUNTRYWIDE HOME LOANS, INC, et al | Civil Action Number: C10-00741 GW (SSx)
Case 2:10-cv-00741-GW-SS   Document 15   Filed 03/10/10   Page 14 of 16   Page ID #:138
Page 13 of 13

## XI. CONCLUSION & PRAYER

It is apparent that plaintiff is entitled to judgment on pleadings as a matter of law because no issue of material fact in dispute, and defendant's answer to the complaint concedes the essential elements of plaintiff's claim, and fails to plead any defenses establish that a genuine dispute exist for trial. Plaintiff is thus entitled to entry of judgment on the pleadings. Alternatively, the court may convert the motion to a motion for summary judgment and enter a Summary Judgment under Rule 56(c), as there are no genuine issues as to any material fact in this case, and the plaintiff is indeed entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

For the foregoing reasons, plaintiff request that this court enter judgment on the pleadings, under Rule 12(c), of the Federal Rules of Civil Procedure, alternatively, Summary Judgment under Rule 56(c), of the Federal Rules of Civil Procedure and for all other equitable relief under law.

Respectfully Submitted,

_[signature]_

VIEN-PHUONG THI HO
2620 Fashion Avenue
Long Beach, CA 90810
vien.statement@yahoo.com
Phone: ( 562 ) 715 -6618

Dated: March 10, 2010

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has on __3/10/10__ been forwarded to all counsel of record in the manner described below, to wit:

Jordan Yu / Tran N. Tran
REED SMITH, LLP.
355 South Grand Avenue, #2900
Los Angeles, CA. 90071-1514

[✓] U.S. FIRST CLASS MAIL (POSTAGE PREPAID)
[ ] CERTIFIED MAIL, RETURN RECEIPT REQUESTED
[ ] Via Fascimile ____
[ ] Via Email: ____
[ ] Hand Delivered / Delivered in Person

_[signature]_ Vien-Phuong Thi Ho

Dated: March 10, 2010

Motion of Vien-Phuong Thi Ho                    MOTION FOR JUDGMENT ON THE PLEADINGS UNDER RULE 12(C)

# MOTION FOR JUDGMENT ON THE PLEADINGS

## CERTIFICATE OF CONFERENCE

I hereby certify that on ___March 08, 2010___ I have conferred, or made a reasonable attempt to confer, with all other parties which are listed below about the opposition or merits of the motion entitled: ___MOTION OF JUDGMENT ON PLEADINGS___
with the following results:

                                Jordan Yu (SBN 227341)
                                jsyu@reedsmith.com
                                Thuy N. Tran (SBN 258104)
                                ttran@reedsmith.com
                                REED SMITH LLP
                                355 South Grand Avenue #2900
                                Los Angeles, CA. 90071-1514
                                Telephone: 213-457-8000
                                Fax: 213-457-8080

- [ ] opposes motion
- [x] opposes the motion without stating a reason
- [ ] does not oppose motion
- [ ] agrees with motion
- [ ] would not say whether motion is opposed
- [ ] did not return my message regarding the motion

- [ ] opposes motion
- [ ] opposes the motion without stating a reason
- [ ] does not oppose motion
- [ ] agrees with motion
- [ ] would not say whether motion is opposed
- [ ] did not return my message regarding the motion

_____
                Vien-Phuong Thi Ho

Dated: ___March 08, 2010___

Jordan Yu, Counsel for Countrywide Home Loan, Inc. et al had opposed to Motion of Judgment on Pleadings. Vien-Phuong Thi Ho, Pro Se, had sent Mr. Yu a written confirmation by email of the dialogue between the two parties as being a conference. Mr. Yu objected to this dialogue on March 8, 2010 at approximately 4pm as being a conference.

---

CERTIFICATE OF CONFERENCE OF: Motion of Judgment on Judgment

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has forwarded to all counsel of record, in the manner stated below as follows:

- ☒ U.S. First Class Mail
- ☐ Certified Mail / Return Receipt Requested
- ☐ Hand Delivered
- ☐ Via Fax:
- ☐ Via Email:
- ☐ Other:

**Service List**

Jordan Yu (SBN 227341)
jsyu@reedsmith.com
Thuy N. Tran (SBN 258104)
ttran@reedsmith.com
REED SMITH LLP
355 South Grand Avenue #2900
Los Angeles, CA. 90071-1514
Telephone: 213-457-8000
Fax: 213-457-8080

_____
Vien-Phuong Thi Ho

Dated: March 10, 2010

CERTIFICATE OF SERVICE: