Jordan Yu (SBN 227341)
jsyu@reedsmith.com
Thuy N. Tran (SBN 258104)
ttran@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:  +1 213 457 8000
Facsimile:   +1 213 457 8080

Attorneys for Defendants Countrywide
Home Loans, Inc., BAC Home Loans
Servicing, LP (erroneously sued as "Bank
of America Home Loans") and
ReconTrust Company, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIEN-PHUONG THI HO,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC. a California Corporation, BANK OF AMERICA, a North Carolina Corporation, ReconTrust Company, NA., Does 1 thru 10<br><br>Defendants. | No.: C10 – 00741 GW (SSx)<br><br>Honorable George H. Wu<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:         July 8, 2010<br>Time:        8:30 a.m.<br>Courtroom:  10<br><br>FAC Filed:    May 3, 2010<br><br>[Filed concurrently with Request for Judicial Notice; Proposed Order] |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on Thursday, July 8, 2010, at 8:30 a.m., or as soon thereafter as the matter may be heard before the above-entitled Court, Defendants Countrywide Home Loans, Inc., BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans") and ReconTrust Company, N.A. (collectively "Defendants"), will and hereby do bring on for hearing, before the Honorable George H. Wu, United States District Judge, in Courtroom 10 of the United States District Court, Central District of California, located at 312 N. Spring Street, Los Angeles, California, 90012, a Motion to Dismiss Plaintiff Vien-Phuong Thi Ho's ("Plaintiff") First Amended Complaint ("FAC"). Defendants move the Court to dismiss Plaintiff's FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff fails to state any legally cognizable claim upon which relief may be granted against Defendants.

Specifically, Plaintiff has failed to allege facts in support of her claims, and instead attempts to incorporate by reference allegations from her superseded Complaint. In any event, each of Plaintiff's fourteen causes of action fails as a matter of law.

Plaintiff's first cause of action for alleged violations of the Truth In Lending Act fails with respect to damages because this Court has already dismissed the claim with prejudice. With respect to a claim for rescission, Plaintiff fails to allege a complete tender.

Plaintiff's second cause of action for rescission fails because she has not alleged fraud or failure of consideration, and also fails to allege a complete tender.

Plaintiff's third cause of action for quiet title fails because her FAC is not verified.

Plaintiff's fourth cause of action for trespass fails because Plaintiff has not alleged whether the trespass was to personal or real property, and more important has not alleged that any of the Defendants trespassed on Plaintiff's property.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Plaintiff's fifth cause of action for alleged violations of the Real Estate

2  Settlement Procedures Act fails because there is no private right of action for

3  disclosure violations, and Plaintiff fails to allege that she sent a Qualified Written

4  Request.

5  Plaintiff's sixth and seventh causes of action for alleged violations of the

6  Racketeer Influenced and Corrupt Organizations Act ("RICO") fails as a matter of law

7  because Plaintiff has not sufficiently pled a RICO "enterprise," a predicate act, a

8  RICO injury, or a "pattern of racketeering activity," as required to state a RICO claim.

9  Plaintiff's eighth cause of action for deceptive trade practices fails because she

10  has not alleged any statutory violations in support of her claim.

11  Plaintiff's ninth cause of action for negligence/gross negligence fails because

12  Plaintiff has not alleged a legal duty.

13  Plaintiff's tenth cause of action for breach of contract fails because Plaintiff has

14  not alleged a breach of the express terms of a contract.

15  Plaintiff's eleventh cause of action for tortious interference with contract fails

16  because Plaintiff has not alleged that Defendants interfered with their contract with a

17  third party.

18  Plaintiff's Civil Rights claims fail as a matter of law because she has not

19  alleged intentional discrimination on account of her status in a protected class.

20  Moreover, Plaintiff's twelfth cause of action under 42 U.S.C. § 1981 is time barred,

21  and fails to allege a violation.  Plaintiff's thirteenth cause of action under 42 U.S.C. §

22  1983 fails because Plaintiff has not sufficiently alleged state action.  And finally,

23  Plaintiff's fourteenth cause of action under 42 U.S.C. § 1985 fails because Plaintiff

24  has not adequately alleged a conspiracy.

25  This motion is made following the conference of the parties pursuant to L.R. 7-

26  3 which took place on May 17, 2010.  Counsel for Defendants previously made

27  attempts to confer with Plaintiff on May 13, 2010 and May 14, 2010, but did not

28

– 2 –

1   receive a response on Plaintiff on those dates.  Counsel for Defendants also attempted

2   to contact Plaintiff by email on May 14, 2010.

3        This Motion is based on this Notice of Motion and Motion, the accompanying

4   Memorandum of Points and Authorities and Request for Judicial Notice, the court

5   records and files, and upon such other matters that the Court may consider at the

6   hearing on the Motion.

7        DATED:  May 19, 2010.

                REED SMITH LLP

9        By    /s/ Thuy N. Tran
                Jordan Yu
10               Thuy N. Tran
                Attorneys for Defendants Countrywide
11               Home Loans, Inc., BAC Home Loans
                Servicing, LP (erroneously sued as "Bank of
12               America Home Loans") and ReconTrust
                Company, N.A.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

**Page**

I .  INTRODUCTION ...................................................................................................1

II .  FACTUAL BACKGROUND ................................................................................2

III .  LEGAL STANDARD .............................................................................................2

IV .  ARGUMENT ...........................................................................................................3

    A.  Plaintiff Cannot Incorporate The Superseded Complaint By Reference ......................3

    B.  Plaintiff's Claim For Rescission Under TILA Fails As A Matter Of Law ...................4

    C.  Plaintiff's Second Cause Of Action For Rescission For Fraud Fails As A Matter Of Law ...........................................................................................6

    D.  Plaintiff's Third Cause Of Action To Quiet Title Fails ...........................................7

    E.  Plaintiff Does Not State A Cause Of Action For Trespass .......................................9

    F.  Plaintiff Fails To Allege A RESPA Violation .........................................................9

        1.  There Is No Private Right of Action For Disclosure Violations Under RESPA .......................................................................10

        2.  Plaintiff Does Not Allege A Valid Qualified Written Request .....................10

    G.  Plaintiff Fails To Allege A RICO Violation ..........................................................11

        1.  No Pattern Of Racketeering Activity .......................................................12

        2.  No RICO Enterprise ..............................................................................13

        3.  No RICO Injury ....................................................................................13

    H.  Plaintiff Cannot Assert A Cause Of Action For "Deceptive Trade Practices" .........................................................................................15

        1.  Plaintiff Cannot Allege A Violation of California Civil Code Section 1102 ..........................................................................................15

        2.  Plaintiff Cannot Allege A Violation Of Business And Professions Code Section 17200 ..............................................................15

        3.  Plaintiff Cannot Allege A Violation Of Business And Professions Code Section 17500 ..............................................................17

    I.  Plaintiff's Negligence Claim Fails As A Matter Of Law ........................................18

    J.  Plaintiff's Breach Of Contract Claim Fails Because Plaintiff Cannot Identify Any Express Term That Was Breached ..................................................19

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

US_ACTIVE-103743587.9 5/19/10 12:54 PM

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

K.    Plaintiff Fails To Allege Tortious Interference With Business Contracts .................20

L.    Plaintiff's Civil Rights Claims Fail As A Matter Of Law ...........................................21

    1.    Plaintiff Does Not Allege Discriminatory Conduct.........................................21

    2.    Plaintiff Has Not Alleged State Action............................................................23

    3.    Plaintiff's Claim Under 42 U.S.C. § 1981 Is Time Barred And Fails To Allege A Violation..................................................................24

    4.    Plaintiff Has Not Alleged A Conspiracy Under 42 U.S.C. § 1985.................24

V.    CONCLUSION..................................................................................................25

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# TABLE OF AUTHORITIES

## CASES

Gentsch v. Ownit Mortg. Solutions, Inc,
  2009 U.S. Dist. LEXIS 45163 (E.D. Cal. May 14, 2009) ....................................10

Arenas v. Countrywide Home Loans, Inc.,
  No. 08-cv-1948, 2009 U.S. Dist. LEXIS 656 (S.D. Cal. Jan. 7, 2009) ....................12

Ashcroft v. Iqbal,
  129 S. Ct. 1937 (2009)..............................................................................2, 16

Balistreri v. Pacific Police Dep't,
  901 F.2d 696 (9th Cir. 1988) ..........................................................................2

Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.,
  131 Cal. App. 4th 802 (2005) ........................................................................25

Bosse v. Crowell Collier & MacMillan,
  565 F.2d 602 (9th Cir. 1977) ..........................................................................7

Boyer v. Countrywide Bank, FSB, No. C 08-5583 PJH,
  2009 WL. 799398 (N. D. Cal. Mar. 24, 2009) ....................................................4

Bullen v. De Brettevilla,
  239 F.2d 824 (9th Cir. 1956) ......................................................................3, 7

Burns v. Hiatt,
  149 Cal. 617 (1906) ......................................................................................9

Castaneda v. Saxon Mortgage Services,
  No. 2:09-01124, 2009 WL. 4640673 (E.D. Cal. Dec. 3, 2009).............................18

Choate v. County of Orange,
  86 Cal. App. 4th 312 (2000) .........................................................................25

Civic Western Corp. v. Zila Indus., Inc.,
  66 Cal. App. 3d 1 (1977) ...............................................................................9

Danielsen v. Burnside-Off Aviation Training Center, Inc.,
  941 F.2d 1220 (D.C. Cir. 1991).....................................................................14

Fox & Carskadon Fin. Corp. v. San Francisco Fed. Sav. & Loan Ass'n.,
  52 Cal. App. 3d 484 (1975) ..........................................................................18

Hafiz v. Greenpoint Mortg. Funding, Inc.,
  2009 U.S. Dist. LEXIS 60818 (N.D. Cal.) .......................................................22

Harris v. Am. Gen. Fin., Inc.,
  2007 WL. 4393818 (10th Cir.2007) ...............................................................10

Imagineering, Inc v. Kiewit Pac Co,
  976 F.2d 1303 (9th Cir. 1992) ......................................................................21

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

In re Tobacco II Cases,
    46 Cal. 4th 298 (2009) ...................................................................................16

Izenberg v. ETS Servs., LLC,
    589 F. Supp. 2d 1193 (C.D. Cal. Dec. 8, 2008)...............................................13, 14

Kamp v. Aurora Loan Services,
    No. 09-00844, 2009 WL. 3177636 (C.D. Cal. Oct. 1, 2009) ...............................4

Kearns v. Ford Motor Company,
    567 F.3d 1120 (9th Cir. 2009) ...........................................................................16

Kratz v. Countrywide Bank,
    No. 08-cv-01233, 2009 U.S. Dist. LEXIS 86479 (C.D. Cal. Sept. 21, 2009) ...........5

Labra v. Cal-Western Reconveyance Corp.,
    No. C-09-2537, 2010 WL. 889537 (N.D. Cal. March 11, 2010) ...........................17

Lal v. American Home Servicing, Inc.,
    680 F. Supp. 2d 1218 (E.D. Cal. 2010) ...........................................................5, 6

Lewis v. Super. Ct.,
    30 Cal. App. 4th 1850 (1994) ...........................................................................8

Lomboy v. SCME Mortgage Bankers,
    No. C-09-1160, 2009 WL. 1457738 (N.D. Cal. May 26, 2008)..........................22

London v. Coopers & Lybrand,
    644 F.2d 811 (9th Cir 1981) .............................................................................3

Loux v. Rhay,
    375 F.2d 55 (9th Cir. 1967) ...............................................................................3

Maguca v. Aurora Loan Servs.,
    No. 09-1086, 2009 WL. 3467750 (C.D. Cal. Oct. 28, 2009) ...............................2

Miller v. Provost,
    Cal. App. 4th 1703 (1994) ............................................................................8, 9

Morilus v. Countrywide Home Loans, Inc.,
    2007 WL. 1810676 (E.D.Pa. June 20, 2007)....................................................10

Morris v. Homecoming Financials, LLC
    , N. 07-c 2008 WL. 3126258 (S.D. Cal. Aug. 4, 2008)........................................8

Nymark v. Heart Fed. Savings & Loan Assn.,
    231 Cal. App. 3d 1089 (1991) .........................................................................18

Olivier v. NDEX West, LLC,
    No. 1:09-cv-00099, 2009 U.S. Dist. LEXIS 74051 (E.D. Cal. Aug. 12, 2009) ...........10

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Olsen v Idaho State Bd. Of Med.,
        363 F.3d 916 (9th Cir. 2004) ................................................................25

Pacific Gas & Elec. Co. v. Bear Stearns & Co.,
        50 Cal. 3d 1118 (1990) ........................................................................20

Parker & Parsely Petroleum Co. v. Dresser Industries,
        972 F.2d 580 (5th Cir. 1992) ..............................................................14

Pesayco v. World Savings, Inc., No. cv-09-3926,
        2009 U.S. Dist. LEXIS 73299 (C.D. Cal. Jul. 29, 2009) ......................5

Peter W. v. San Francisco Unified School Dist.,
        60 Cal. App. 3d 814 (1976) .................................................................18

Pettie v. Saxon Mortg. Services,
        2009 WL. 1325947 (W.D.Wash. 2009) ...............................................11

Pineda v. Saxon Mortgage Services,
        No. 08-1187, 2008 U.S. Dist. LEXIS 102439 (C.D. Cal. Dec. 10, 2008)......................11, 12

Pontiflet-Moore v. GMAC Mortgage,
        No. 10685, 2009 WL. 432076 (E.D. Cal. Jan. 15, 2010) ....................19

Pottinger v. Accredited Home Lenders, Inc.,
        No. 2:09-cv-00215, 2009 U.S. Dist. LEXIS 18074 (E.D. Cal. March 10, 2009)...................10

Princess Cruise Lines, LTD. v. Super. Ct.,
        No. B212761, 2009 WL. 3747211 (Cal. App. 2 Dist. Nov. 10, 2009) .................17

Putkurri v. Recontrust Co.,
        No. 08-cv1919, 2009 U.S. Dist. LEXIS 32 (S.D. Cal. Jan. 5, 2009)........................12

Quaknine v. MacFarlane,
        897 F.2d 75, 82-83 (2d. Cir. 1990) .....................................................14

Quelimane Co. v. Stewart Title Guaranty Co.,
        19 Cal. 4th 26 (1998) ..........................................................................18

Rank v. Nimmo,
        677 F.2d 692 (9th Cir. 1982) ..............................................................23

Resolution Trust Corp. v. Keating,
        186 F.3d 1110 (9th Cir. 1999) ............................................................14

Rosales v. Downey Savings & Loan Ass'n, F.A.,
        No. 09-cv39, 2009 U.S. Dist. LEXIS 15923 (S.D. Cal March 2, 2009) .........................12, 13

S. Bay Chevrolet v. Gen. Motors Accep. Corp.,
        72 Cal. App. 4th 861 (1999) ...............................................................15

Sacramento Coca-Cola Bottling Co. v. Chauffeurs, Etc., Local 150,
        440 F.2d 1096 (9th Cir. 1971) ..............................................................3

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– v –

Searle v. Wyndham Int'l, Inc.,
     102 Cal. App. 4th 1327 (2002) ................................................................17

Silicon Knights v. Crystal Dynamics,
     983 F. Supp. 1303 (N.D. Cal. 1997) ......................................................20

Singh v. Wells Fargo Bank, N.A. et al., No. c-09-2035,
     2009 WL. 2365881 (N.D. Cal. July 30, 2009) ....................................22

Stones v Los Angeles Community College Dist,
     796 F.2d 270 (9th Cir. 1986) ..................................................................21

Taylor v. Regents of Univ. of Cal.,
     993 F.2d 710 (9th Cir. 1993) ..................................................................24

United States v. Classic,
     313 U.S. 299 (1941) ................................................................................23

United States v. Turkette,
     452 U.S. 576 (1981)) (emphasis added ...............................................13

Vargas v. Recontrust Co.,
     No. 08-1683, 2008 U.S. Dist. LEXIS 100115 (E.D. Cal. Dec. 1, 2008) ................14

Vess v. Ceba-Geigy Corp., USA,
     317 F.3d 1097 (9th Cir. 2003) ................................................................16

Wagner v. Benson,
     101 Cal. App. 3d 27 (1980) ....................................................................18

Walker v. Equity 1 Lenders Group,
     2009 WL. 1364430 (S.D.Cal. 2009) ......................................................10

Watts v. Decision One Mortg. Co., LLC,
     No. 09-cv-0043, 2009 U.S. Dist. LEXIS 54784 (S.D. Cal. Jan. 11, 2009) ............10

West v. Atkins,
     487 U.S. 42 (1988)..................................................................................23

Yamamoto v. Bank of New York,
     329 F.3d 1167 (9th Cir. 2003) ..................................................................5

Zaslow v. Kroenert,
     29 Cal. 2d 541 (1946) ..............................................................................9

### STATUTES

18 U.S.C. § 1961 ............................................................................................13

41 U.S.C. § 1981(a) ........................................................................................24

42 U.S.C. § 1981 ............................................................................................21

42 U.S.C. § 1983............................................................................................21, 23

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

42 U.S.C. § 1985 ..................................................................................24, 25

42 U.S.C. § 1985(3) .....................................................................................25

12 U.S.C. § 2605(e)(1)(A) ...........................................................................10

24 C.F.R. 3500.21(e)(1) (2001) ...................................................................11

Cal. Bus. & Prof. Code § 17200 .............................................................15, 17

Cal. Bus. & Prof. Code § 17204 ...................................................................16

Cal. Bus. & Prof. Code § 17500 ...................................................................17

Cal. Civ. Code § 1689(b)(1) ..............................................................6, 15, 19

Cal. Code Civ. Proc. § 761.020 ...............................................................8, 15

Civil Code Section 1102 ...............................................................................20

Civil Rights Act of 1991 ...............................................................................24

## RULES

Fed. R. Civ. P. 9(b) .........................................................................................7

Fed. R. Civ. P. 8 ............................................................................................22

Fed. R. Civ. P. 12(b)(6) ...................................................................................2

C.D. Cal. Local. Rule 15-2 ..............................................................................3

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Vien-Phuong Thi Ho's ("Plaintiff") First Amended Complaint ("FAC") against defendants Countrywide Home Loans, Inc., BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans") and ReconTrust Company, N.A. (collectively "Defendants") confirms that Plaintiff cannot allege any legally cognizable claim against Defendants. In fact, where Plaintiff's original Complaint ("Complaint") at least contained limited factual allegations, albeit unintelligible for the most part, Plaintiff's FAC disposes of almost all factual allegations. Instead, Plaintiff has elected to improperly incorporate by reference her legally defunct Complaint to allege her claims against Defendants in the FAC, and hopes that the Court will infer a factual nexus where none exists.

To the extent any factual allegations can be discerned at all from the four corners of the FAC, Plaintiff seems to allege the following. The undifferentiated "Defendants" made unspecified misrepresentations and provided insufficient disclosures concerning a mortgage loan Plaintiff obtained. Although many more legal conclusions are parroted, the remaining allegations are largely incomprehensible due to the pervasive reference to the superseded Complaint.

Indeed, without any factual support, Plaintiff blithely accuses Defendants of being fraudsters, racketeers, and civil rights violators. If anything, however, the FAC makes plain that Plaintiff obtained a loan from Defendants, is currently enjoying the benefits of the loan without making her payments, and wishes to reap a windfall by discharging her loan based on insupportable and inflammatory accusations against Defendants. Such litigation tactics are not only regrettable, but undermine the judicial process and the civil rights laws designed to protect truly aggrieved parties.

Defendants respectfully request that the Court dismiss this action with prejudice at this juncture.

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## II.    **FACTUAL BACKGROUND**

Because of Plaintiff's excessive incorporation by reference to the now superseded and defunct Complaint, it is difficult to discern the facts underlying this action from the four corners of the FAC.  To the extent Plaintiff has alleged any facts in the FAC, they are disparate allegations that cannot stand on their own.  Indeed, the following appears to be the entirety of Plaintiff's factual allegations in the FAC.  Plaintiff entered into a loan agreement with "Defendants" on or about June 23, 2007.  FAC ¶ 10.3; RJN Exh. A.  The undifferentiated "Defendants" failed to make certain disclosures in connection with this mortgage loan.  FAC ¶¶ 1.4, 2.4.  Plaintiff attempted to rescind the loan agreement on or about October 13, 2009.  FAC ¶ 2.4.  Charles Debat from ABC Mortgage Corporation, a non party to this action, entered onto Plaintiff's property to post default notices.  FAC ¶¶ 4.2, 4.3.

Based on these allegations, Plaintiff now asserts 14 separate claims against Defendants.

## III.    **LEGAL STANDARD**

A party may move to dismiss under Rule 12(b)(6) if plaintiff has failed to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  For purposes of a Rule 12(b)(6) motion, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009) (citations omitted).  Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not survive a motion to dismiss. *Id.* at 1949.  Dismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacific Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).  Moreover, the Court may take judicial notice of loan documents related to the transaction at issue in the Complaint on a motion to dismiss. *See Maguca v. Aurora Loan Servs.,* No. 09-1086, 2009 WL 3467750, at *2 n. 2 (C.D. Cal. Oct. 28, 2009).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## IV.   ARGUMENT

**A.   Plaintiff Cannot Incorporate The Superseded Complaint By Reference**

"It has long been the rule in the [Ninth Circuit] that a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir 1981); *see also Sacramento Coca-Cola Bottling Co. v. Chauffeurs, Etc., Local 150,* 440 F.2d 1096 (9th Cir. 1971) (dismissing plaintiff's common law conspiracy claim because it was not alleged in plaintiff's third amended complaint); *Loux v. Rhay,* 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."); *Bullen v. De Bretteria,* 239 F.2d 824, (9th Cir. 1956) ("It is hornbook law that an amended pleading supersedes the original, the latter being treated thereafter as non-existent. Once amended, the original complaint no longer performs any function as a pleading and cannot be utilized to aid a defective amendment.") (internal citations omitted). This well established rule is further encapsulated in Local Rule 15-2, which states that "[e]very amended pleading filed as a matter of right or allowed by order of the Court shall be complete including exhibits. *The amended pleading shall not refer to the prior, superseded pleading*." C.D. Cal. Local. Rule 15-2 (emphasis added).

Here, Plaintiff's FAC violates this fundamental rule of pleading. Plaintiff's original Complaint is now "non-existent" and "no longer performs any function as a pleading." *Bullen,* 239 F.2d at 824. Regardless, Plaintiff improperly attempts to incorporate by reference her entire "original complaint filed on February 2, 2010". FAC, pp. 1, 18-19. Indeed, Plaintiff's entire FAC is replete with references to the superseded Complaint, and repeatedly relies on the Complaint to support nearly every claim alleged in her FAC. *See,* FAC, generally. Plaintiff's reliance on the defunct Complaint is so pervasive, the FAC alleges almost no facts within its own four corners, and certainly alleges no legally cognizable facts in support of Plaintiff's 14

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   claims against Defendants.  This threshold defect, without more, is sufficient to

2   dispose of Plaintiff's FAC in its entirety.

3        Moreover, although Plaintiff's FAC is replete with references to an unspecified

4   fraud committed by the undifferentiated "Defendants," the FAC itself sheds no light

5   as to which Defendant engaged in what fraud, much less the who, what, when, and

6   where of the purported fraud.  *See Boyer v. Countrywide Bank, FSB,* No. C 08-5583

7   PJH, 2009 WL 799398, at *2 (N. D. Cal. Mar. 24, 2009) (A plaintiff alleging fraud

8   must plead "facts which show 'how, when, where, to whom and by what means the

9   representations were tendered.'").  Rather, Plaintiff can do no more than

10  "incorporate[] the FRAUD claims contained in the original complaint filed February

11  2, 2010, as some of the causes of action are based or interrelated with these fraud

12  claims." FAC, pp. 1, 19-21.  Accordingly, Plaintiff has not only abandoned her fraud

13  claim in the FAC, but Plaintiff's repeated reference to an unspecified fraud as a

14  predicate act to each claim throughout unravels her entire FAC.  *See* FAC, ¶¶ 1.2, 2.1,

15  4.1.

16  **B.**   **Plaintiff's Claim For Rescission Under TILA Fails As A Matter Of Law**[1]

17        Plaintiff's first cause of action for violation of the Truth In Lending Act

18  ("TILA") begins with four paragraphs incorporating by reference allegations from

19  Plaintiff's Complaint.  Because Plaintiff's Complaint is rendered non-existent by the

20  filing of her FAC, Plaintiff's references to her Complaint must be disregarded.  What

21  remains is an incoherent claim for alleged TILA violations that seems to be based on

22  an alleged failure to provide certain disclosures, which again fails.  *See* FAC ¶ 1.5.

23        Under Ninth Circuit law, "[a] claim for rescission requires plaintiffs to allege

24  they can or will tender the borrowed funds back to the lender."  *Kamp v. Aurora Loan*

25  *Services,* No. 09-00844, 2009 WL 3177636, at *2 (C.D. Cal. Oct. 1, 2009) (*citing*

26

27  _____
[1] While it is not entirely clear whether Plaintiff alleges a claim for damages or rescission,
Defendants treat Plaintiffs' TILA claim as one for rescission and not damages because this Court has
already dismissed Plaintiff's TILA claim for damages without leave to amend.  (Docket No. 21).

28

*Yamamoto v. Bank of New York,* 329 F.3d 1167 (9th Cir. 2003) ("Rescission should be conditioned on repayment of the amounts advanced by the lender."); *see also Kratz v. Countrywide Bank,* No. 08-cv-01233, 2009 U.S. Dist. LEXIS 86479, *8 (C.D. Cal. Sept. 21, 2009); *Pesayco v. World Savings, Inc.,* No. cv-09-3926, 2009 U.S. Dist. LEXIS 73299, 3-5 (C.D. Cal. Jul. 29, 2009). An offer to tender funds back to the lender must not be tenuous or conditioned on actions by the lender. *See Lal v. American Home Servicing, Inc.,* 680 F. Supp. 2d 1218, 1222 (E.D. Cal. 2010).

In *Lal,* plaintiff borrowers brought a claim for rescission against their lender on the basis that they were not provided with a Notice of Right to Cancel under TILA. *Lal,* 680 F. Supp. 2d at 1220. In their original complaint, plaintiffs did not allege an ability to tender the borrowed funds in support of their claim for rescission and the district court granted defendant lender's motion to dismiss, granting plaintiffs leave to amend in order to allege tender. *Id.* at 1222. In their amended complaint, plaintiffs alleged that they were "prepared to tender from a refinance, funds from savings, and assistance by family members once the amount to tender is known, considering damages, and after [Defendant] stops reporting the loan negatively." *Id.*

The court held that plaintiffs' allegation of tender was insufficient because it was too tenuous, given the conditions alleged by plaintiffs, whether they could actually tender. *Id.* Moreover, "Plaintiffs only offer[ed] tender 'once the amount to tender is known, considering damages, and after [Defendant] stops reporting the loan negatively.'" *Id.* The court classified plaintiffs allegations as a "threat rather than a tender offer" and noted that "should Plaintiffs fail on all other claims except rescission, they would still need to tender the entire amount owed, without a discount for damages, and despite negative reporting from Defendant." *Id.* The court held that "complete tender has not been offered by the Plaintiffs" and "[w]ithout such tender, Plaintiffs may not seek to rescind the loan." *Id.* at 1223. The court dismissed plaintiffs' TILA rescission claim without leave to amend because plaintiffs already had a chance to amend their claim, and further amendment would not cure the defects

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 5 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   noted by the court. *Id.* at 1224.

2      Here, Plaintiff has also failed to allege a "complete tender." Instead, she alleges

3   that she is "able to tender any monies for any loan (if any) to the defendants which

4   defendants can lawfully show was actually loaned to plaintiff." FAC ¶ 1.5 Plaintiff

5   also alleges that she is "able to tender all monies loan by defendant (if any) upon

6   sufficient proof of all loan proceeds' checks and/or disbursement check that defendant

7   actually loaned plaintiff monies, or property which defendant actually holds relative to

8   any contractual agreement with plaintiff." FAC ¶ 2.7.

9      Like the *Lal* plaintiffs, Plaintiff has predicated her tender on various conditions,

10   alleging more of a threat than an actual offer to tender. And as the *Lal* court noted,

11   even if Plaintiff is unsuccessful with her remaining claims, or otherwise disagrees

12   over the amount owed, she will still need to tender the entire amount owed without

13   any discounts. In her second attempt to state a claim for rescission, Plaintiff still fails

14   to allege a complete tender, and her claim should therefore be dismissed without leave

15   to amend.

16   **C.**   **Plaintiff's Second Cause Of Action For Rescission For Fraud Fails As A**

17       **Matter Of Law**

18      California Civil Code Section 1689(b)(1) provides that rescission may be

19   appropriate where the consent of the party rescinding was obtained through fraud.

20   Cal. Civ. Code § 1689(b)(1). Section 1689(b)(2) provides that a contract may be

21   rescinded "[i]f the consideration for the obligation of the rescinding party fails, in

22   whole or in part, through the fault of the party as to whom he rescinds." Cal. Civ.

23   Code § 1689(b)(2).

24      Plaintiff's rescission claim fails on multiple levels. First, and as a threshold

25   defect, the FAC does not allege any fraud in any context, much less allege the facts of

26   any fraudulent inducement necessary for a rescission. Indeed, Plaintiff's lone and

27   incomplete allegation that "defendants, with intent to deceive plaintiff and to induce

28   plaintiff to enter into said contract," falls well short of alleging the elements of a

rescission claim, much less satisfying the heightened pleading requirement for fraud under Federal Rule of Civil Procedure 9(b). *See, e.g., Bosse v. Crowell Collier & MacMillan*, 565 F.2d 602, 611 (9th Cir. 1977) ("Rule 9(b)…requires the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations. While mere conclusory allegations of fraud will not suffice, statements of the time, place and nature of the alleged fraudulent activities will.") (internal citations omitted).

Second, to the extent that Plaintiff references a violation of TILA to support her rescission claim, the FAC again contains no allegations of a specific TILA violation, and as outlined in section V.A., *supra,* Plaintiff has not alleged a complete tender.

Third, while Plaintiff alleges that she is entitled to rescission for failure of consideration, she predicates her claim on a single allegation that "the non-disclosures and the fraud complained of in the original complaint was in bad faith, and resulted in no consideration of a valid contract." FAC, ¶ 2.10(c). As a preliminary matter, Plaintiff's reference to her original Complaint is insufficient to support any claim asserted in the FAC. *See Bullen,* 239 F.2d at 824 (an amended complaint renders an original complaint "non-existent"). More importantly, Plaintiff received $548,000 from defendant Countrywide as consideration for the loan agreement. *See* Request for Judicial Notice ("RJN"), Exh. A. In the end, Plaintiff's claim that there was a "failure of consideration" and "no consideration of a valid contract" proves too much, particularly since Plaintiff defaulted on her loan after receiving the proceeds of the loan, and breached her agreement to make timely mortgage payments. *See id.*

### D.   Plaintiff's Third Cause Of Action To Quiet Title Fails

Plaintiff's third cause of action seeks to "quiet title" to the real property that secured the mortgage loan at issue. Plaintiff's claim fails, however, because she failed to file a verified complaint and has not alleged that the debt at issue was paid. Without these necessary elements, Plaintiff's quiet title claim fails.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    An action for quiet title requires a verified complaint that sets forth all the

2    following elements:  (1) a description of the property that is the subject of the action;

3    (2) the title of the plaintiff as to which a determination is sought and the basis of the

4    title; (3) the adverse claims to the title of the plaintiff against which a determination is

5    sought; (4) the date as of which the determination is sought; and (5) a prayer for the

6    determination of the title of the plaintiff against the adverse claims.  Cal. Code Civ.

7    Proc. § 761.020.

8        Plaintiff's FAC here is not verified—a fact that alone warrants dismissal of the

9    quiet title claim.  *See Lewis v. Super. Ct.*, 30 Cal. App. 4th 1850, 1866 (1994)

10   (dismissing quiet title complaint because "the complaint was not verified as required

11   by the quiet title statute"); *see also Morris v. Homecoming Financials, LLC,* N. 07-cv-

12   2122-L, 2008 WL 3126258, at *3 (S.D. Cal. Aug. 4, 2008) (dismissing quiet title

13   complaint because "the complaint was not verified as required by the quiet title

14   statute").  Moreover, Plaintiff also fails to allege the date as of which the

15   determination is sought, or how any of the Defendants have adverse claims to the title

16   of the property.  Plaintiff alleges only that Defendants do not have an interest in the

17   property, and have "absolutely no legal or equitable right, claim, or interest in said

18   property."  FAC ¶ 3.6.

19       Plaintiff also alleges that "defendants are not the Real party in interest, or the

20   holder in due course of a mortgage note related to plaintiff."  FAC ¶ 3.7.  Plaintiff has

21   not alleged that any of the Defendants claim an interest in the subject property; she

22   alleges only that they do not have any interest in the property.  Without any

23   allegations of competing claims on the property, Plaintiff cannot maintain an action to

24   quiet title.

25       Furthermore, a borrower may not maintain a quiet title action against a

26   mortgagee without first paying the outstanding debt on which the subject mortgage is

27   based.  *Miller v. Provost*, Cal. App. 4th 1703, 1707 (1994) ("a mortgagor of real

28   property cannot, without paying his debt, quiet his title against the mortgagee").

– 8 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1   Indeed, equitable principles mandate that when a plaintiff mortgagor seeks to quiet

2   title as to his mortgagee, relief should be conditioned upon return of the amounts

3   advanced by the lender.  *See id.*; *see also, Burns v. Hiatt*, 149 Cal. 617, 621-22 (1906).

4   Plaintiff does not – and certainly cannot – allege that she satisfied her outstanding

5   mortgage debt to Defendants, and hence, cannot quiet her title against Defendants.

6   **E.**      **Plaintiff Does Not State A Cause Of Action For Trespass**

7          Plaintiff's fourth cause of action for trespass also fails.  Once again Plaintiff

8   improperly relies on her superseded Complaint to support this claim.  In addition to

9   this fatal defect, Plaintiff predicates her trespass claim on trespass "upon the personal

10  property rights of the plaintiff."  FAC, ¶ 4.1.  However, Plaintiff "brings this trespass

11  action based upon injury to real property."  FAC, ¶ 4.1.  Like her Complaint, it

12  remains unclear whether Plaintiff intends to allege trespass to real or personal

13  property.  To the extent Plaintiff alleges trespass to real property, she alleges only that

14  Charles Debat from ABC Mortgage Corporation, a non party to this action, entered

15  onto her property to post default notices.  FAC ¶¶ 4.2, 4.3.  Curiously, there are no

16  allegations of trespass as to Defendants.  *See Civic Western Corp. v. Zila Indus., Inc.,*

17  66 Cal. App. 3d 1, 16 (1977) ("The essence of the cause of action for trespass is an

18  'unauthorized entry' onto the land of another.").  Moreover, Plaintiff has not alleged

19  any "intermeddling with or use of or damage to" any personal property.  *See Zaslow v.*

20  *Kroenert,*  29 Cal. 2d 541, 551 (1946).  Accordingly, Plaintiff's trespass claim,

21  whether based on real or personal property, fails.

22  **F.**      **Plaintiff Fails To Allege A RESPA Violation**

23         Plaintiff's fifth cause of action for RESPA violations based on allegations that

24  the undifferentiated "defendants" failed to provide certain disclosures, and that

25  Defendants failed to respond to a Qualified Written Request, fails as a matter of law.

26  *See* FAC ¶¶ 5.1, 5.2(4).

27

28

– 9 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1.      <u>**There Is No Private Right of Action For Disclosure Violations Under**</u>
        <u>**RESPA**</u>

Plaintiff's RESPA claim for failure to make disclosures fails because there is no private right of action for disclosure violations under RESPA. *See e.g. Olivier v. NDEX West, LLC*, No. 1:09-cv-00099, 2009 U.S. Dist. LEXIS 74051, *8-9 (E.D. Cal. Aug. 12, 2009) (defendant's motion to dismiss RESPA claim granted without leave to amend where there was no private right of action regarding disclosure requirements); *Watts v. Decision One Mortg. Co., LLC*, No. 09-cv-0043, 2009 U.S. Dist. LEXIS 54784, *8 (S.D. Cal. Jan. 11, 2009) (same); *Gentsch v. Ownit Mortg. Solutions, Inc.*, No. cv-f-09-0649, 2009 U.S. Dist. LEXIS 45163, *19 (E.D. Cal. May 14, 2009) (The "structure of RESPA's various statutory provisions indicates that Congress did not intend to create a private right of action for disclosure violations."); *Pottinger v. Accredited Home Lenders, Inc.*, No. 2:09-cv-00215, 2009 U.S. Dist. LEXIS 18074, *8 (E.D. Cal. March 10, 2009) (no private right of action found where Plaintiff brought RESPA claims for alleged failures to provide a good faith estimate of settlement service charges of anticipated closing costs).

2.      <u>**Plaintiff Does Not Allege A Valid Qualified Written Request**</u>

Plaintiff's claim that Defendants failed to respond to a Qualified Written Request also fails. First, Plaintiff's vague allegation that "Defendants failed to answer a qualified written request on 10/14/2009 by the plaintiff" fails to identify specifically which of the several "Defendants" received the qualified written request letter. *See* FAC ¶ 5.2(4). Further, Plaintiff does not allege that any of the Defendants was the servicer of her loan as required under Section 2605. *See* 12 U.S.C. 2605(e)(1)(A).

Second, "a qualified written request must . . . include a statement of the reasons for the belief of the borrower that the account is in error." *See* 12 U.S.C. 2605(e)(1)(B); *see also Walker v. Equity 1 Lenders Group*, 2009 WL 1364430 *4-5 (S.D.Cal. 2009); *Morilus v. Countrywide Home Loans, Inc.*, 2007 WL 1810676 at *3 (E.D.Pa. June 20, 2007); *Harris v. Am. Gen. Fin., Inc.*, 2007 WL 4393818 *1 (10th

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  Cir.2007); *Pettie v. Saxon Mortg. Services*, 2009 WL 1325947 *2, fn. 3 (W.D.Wash.

2  2009) (dismissing RESPA claim for failure to respond to qualified written request

3  because "[n]owhere in the Inquiry Letter do Plaintiffs offer any reasons for their

4  dispute of the amount due on the loan.  RESPA § 2605(e)(1)(B) clearly requires that a

5  disputing party give specific "reasons" for claiming that an account is in error.").

6       Here, Plaintiff does not allege that her alleged letter included a statement of

7  reasons why the account was in error, and in fact fails to otherwise allege any facts

8  regarding the substance of the alleged letter.  Plaintiff's vague reference to a

9  "qualified written request" and reference to an exhibit attached to her defunct

10 Complaint, but not attached to her FAC, is insufficient to sustain Plaintiff's RESPA

11 claim.  *See* FAC ¶¶ 5.2(4), 5.2(5).  Plaintiff also fails to allege that she sent a qualified

12 written request to the correct address.  *See* 24 C.F.R. 3500.21(e)(1) (2001) ("[A]

13 servicer may establish a separate and exclusive office and address for the receipt and

14 handling of qualified written requests.").  Simply calling something a "qualified

15 written request" does not make it so for purposes of RESPA.

16 **G.    Plaintiff Fails To Allege A RICO Violation**

17      Plaintiff's sixth and seventh causes of action for violation of the Racketeer

18 Influenced and Corrupt Organizations Act ("RICO") is plagued with the same defects

19 found in her superseded Complaint, which Plaintiff again improperly attempts to

20 incorporate by reference.  *See* FAC, ¶¶ 6.1, 6.5, 6.10, 6.13.  In fact, this Court has

21 already dismissed Plaintiff's RICO claim once before for the same defects present in

22 the FAC, and despite the Court's specific instructions to plead with specificity the

23 elements of her RICO claim, Plaintiff's RICO claim is supported solely by the same

24 conclusory allegations found in her now defunct Complaint.

25      To state a claim under RICO, Plaintiff must allege: "(1) conduct; (2) of an

26 enterprise; (3) through a pattern; (4) of racketeering activity (known as 'predicate

27 acts'); (5) causing injury to plaintiff's business or property."  *See, e.g., Pineda v.*

28 *Saxon Mortgage Services*, No. 08-1187, 2008 U.S. Dist. LEXIS 102439, at *11 (C.D.

– 11 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Cal. Dec. 10, 2008); *Arenas v. Countrywide Home Loans, Inc.,* No. 08-cv-1948, 2009 U.S. Dist. LEXIS 656, at *8-9 (S.D. Cal. Jan. 7, 2009).

"It is not enough for [plaintiff] to rely on mere labels and conclusions" to establish a RICO claim. *Pineda,* 2008 U.S. Dist. LEXIS 102439, at *11. Such conclusory allegations cannot meet the pleading standard for a RICO claim. Rather, Plaintiff must give each Defendant notice of the particular predicate act it participated in, and must allege each predicate act with the requisite specificity. *See, e.g., Rosales v. Downey Savings & Loan Ass'n, F.A.,* No. 09-cv39, 2009 U.S. Dist. LEXIS 15923, at *16 (S.D. Cal March 2, 2009) (noting that "[t]he Ninth Circuit has held that allegations of predicate acts under RICO must comply with Rule 9(b)'s specificity requirements" and holding that "[t]he Complaint *does not allege sufficient facts to support the conclusory allegations* that Defendants committed mail fraud, wire fraud, and obstruction of justice" and "does not allege the *role of each Defendant* in the allegedly unlawful acts that give rise to Plaintiffs' RICO claim."); *Putkurri v. Recontrust Co.,* No. 08-cv1919, 2009 U.S. Dist. LEXIS 32, at * 9 (S.D. Cal. Jan. 5, 2009).

**1.   No Pattern Of Racketeering Activity**

In its Order dismissing Plaintiff's RICO claims, the Court instructed Plaintiff that "if fraud is the only act Plaintiff can indentify, she will have to specify how it falls within the definition of 'racketeering activity' for purposes of this case." (Docket No. 21.) Significantly, the Court noted that Plaintiff's Complaint contained conclusory reference to "the fraud, embezzlement, extortion, mail fraud, and money laundering transactions as described herein," which failed to "provide even borderline plausible allegations of any other racketeering activity or predicate acts." (Docket No. 21.)

Plaintiff's FAC, however, fares no better. Plaintiff again makes the same conclusory allegation that "Defendants have engaged in a pattern of 'racketeering activity' including extortion, loan sharking, fraud, mail fraud, wire fraud, financial fraud, Computer fraud, embezzlement, and money laundering." FAC ¶ 6.4. Yet,

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Plaintiff again fails to allege any facts as to these predicate acts, much less specific

2   facts concerning any purported fraud. *See Rosales*, 2009 U.S. Dist. LEXIS 15923, at

3   *16. Rather, Plaintiff can do no better than allege that the undifferentiated Defendants

4   engaged in an unspecified "patterning [sic] of racketeering activity". *See e.g.,* FAC ¶¶

5   6.7, 6.10, 7.2, 7.13 (alleging that Defendants violated section 1692(a), 1692(b),

6   1692(c), 1692(d) "through a pattern of racketeering activity"). In fact, to make things

7   worse, Plaintiff also incorporates her deficient and defunct Complaint to support these

8   allegations. These conclusory allegations failed once before, and fail again now.

9   ### 2.   No RICO Enterprise

10   Moreover, Plaintiff's conclusory allegation that "defendants are 'Enterprises' as

11   defined in 18 USC 1961" are insufficient to allege a RICO violation. "An enterprise

12   is 'proved by evidence of an *ongoing organization*, formal or informal, and by

13   evidence that the various associates function as *a continuing unit*.'" *Izenberg v. ETS*

14   *Services*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) (*quoting United States v.*

15   *Turkette*, 452 U.S. 576, 583 (1981)) (emphasis added).

16   Here, there is simply no intelligible (or consistent) allegation as to who or what

17   the RICO enterprise consists of. *Id.* at 1202-03. Rather, Plaintiff alleges that the

18   Defendants themselves are the RICO enterprise, but also alleges that Defendants

19   gained control over the enterprise, *i.e.*, themselves, through the unspecified

20   racketeering activity. FAC ¶ 6.10. Then, Plaintiff alleges that the RICO defendants

21   are separate from the enterprise they control, but give no indication as to who or what

22   the RICO defendants are. *Id.* These allegations were deemed insufficient as a matter

23   of law when asserted in the Complaint, and is insufficient as a matter of law as alleged

24   in the FAC.

25   ### 3.   No RICO Injury

26   Finally, Plaintiff fails to allege any cognizable injury resulting from the

27   undifferentiated Defendants' investment of their alleged racketeering proceeds. In

28   order to allege a RICO injury, Plaintiff must plead that defendants' violation was

– 13 –

"both the 'but for' and proximate cause of a concrete financial injury." *Izenberg*, 589 F. Supp. 2d at 1195; *Vargas v. Recontrust Co.*, No. 08-1683, 2008 U.S. Dist. LEXIS 100115, at *14-15 (E.D. Cal. Dec. 1, 2008) ("The 'plain language' of pertinent RICO provisions 'leads us to conclude that a plaintiff seeking civil damages for a violation of section 1962(a) must allege *facts* tending to show that he or she was injured by the use or investment of racketeering income.'") (emphasis added); *Resolution Trust Corp. v. Keating*, 186 F.3d 1110, 1117 (9th Cir. 1999).

Here, Plaintiff does not, and cannot, allege that she was injured by Defendants' investment of the proceeds of their alleged racketeering activity. Rather, Plaintiff's allegations suggest only that she was injured directly by Defendants' commission of the unspecified predicate acts. *See e.g*, FAC ¶ 6.9 ("The Injury is in the form of the fraud described in paragraphs 34, 36, and 38 of the original complaint."); FAC ¶ 6.15 ("Plaintiff has been injured by defendants' RICO activity"); FAC ¶ 7.5 ("The injury was in the form of monies lost and fraud as explained in paragraphs 34, 36, and 38 and the other sections of the original complaint."). Such allegations of direct injury cannot sustain a RICO claim. *Quaknine v. MacFarlane*, 897 F.2d 75, 82-83 (2d. Cir. 1990) ("§1962(a) consists of investing income derived from a pattern of racketeering activity to acquire an interest in, establish, or operate an enterprise; the violation is not established by the mere participation in predicate acts of racketeering"); *Parker & Parsely Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 584 (5th Cir. 1992) (allegations that plaintiff was damaged from defendants purported scheme to perform inadequate fracturing job could not support a claim that required a showing of injury from "use or investment" of proceeds from racketeering activities); *Danielsen v. Burnside-Off Aviation Training Center, Inc.*, 941 F.2d 1220, 1230 (D.C. Cir. 1991) (Under 1962(a) "[i]t is not sufficient to allege injury flowing from the predicate acts of racketeering"). Accordingly, Plaintiff's RICO claim fails again.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**H.    Plaintiff Cannot Assert A Cause Of Action For "Deceptive Trade Practices"**

As with her remaining claims, Plaintiff's eighth cause of action for deceptive trade practices improperly incorporates the fraud claim from the superseded Complaint and the exhibits attached thereto.  Because Plaintiff has not alleged fraud in her FAC, she cannot predicate a deceptive trade practices claim on any alleged fraudulent conduct.

**1.    Plaintiff Cannot Allege A Violation of California Civil Code Section 1102**

Moreover, Plaintiff has not sufficiently pled any other statutory basis for her claim.  Plaintiff attempts to base her unspecified deceptive trade practices claim on violations of California Civil Code Section 1102.  However, Section 1102 applies to transfers of real property "by sale, exchange, installment land sale contract, . . . , lease with an option to purchase, any other option to purchase, or ground lease coupled with improvements. . . ."  *See* Cal. Code Civ. Proc. § 1102.  Here, Plaintiff obtained a loan from defendant Countrywide; she did not purchase or lease property from Countrywide or any other Defendant.  *See* RJN, Exh. A.  Accordingly, Section 1102 is inapplicable here and cannot form the basis for Plaintiff's deceptive trade practices claim.

**2.    Plaintiff Cannot Allege A Violation Of Business And Professions Code Section 17200**

Plaintiff also attempts to predicate her generic "deceptive trade practices" claim on violations of Business and Professions Code Section 17200, California's Unfair Competition Law ("UCL").  The UCL provides:  "[U]nfair competition shall mean and include any unlawful, unfair, or fraudulent business act or practice . . ."  *See S. Bay Chevrolet v. Gen. Motors Accep. Corp.*, 72 Cal. App. 4th 861, 878 (1999).  A private person has standing to assert a UCL claim only if he or she (1) "has suffered injury in fact," and (2) "has lost money or property *as a result of* such unfair

competition." Cal. Bus. & Prof. Code § 17204 (emphasis added).  This standing requirement imbues the UCL with a causation requirement.  *See In re Tobacco II Cases*, 46 Cal. 4th 298, 313-14 (2009) (acknowledging reliance requirement).

Here, as a threshold matter, Plaintiff fails to allege any unlawful, unfair, or fraudulent practice Defendants purportedly engaged in.  Indeed, other than the familiar allegations as to the undifferentiated "Defendants," supported only by references to the now defunct Complaint, no allegations of any fraud are present in the FAC, much less any violation the UCL..  Accordingly, Defendants will not belabor the specific elements required for each of the three subsets of a UCL violation.  Plaintiff has failed the threshold task of even identifying which subset of the UCL Defendants violated, much less how Defendants violated the UCL.

Moreover, and fatally, the Ninth Circuit has recently held that state law claims grounded in fraud, including UCL claims, are subject to Rule 9(b)'s particularity requirement for allegations of fraud.  *See Kearns v. Ford Motor Company*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("Rule 9(b)'s particularity requirement applies to these state-law causes of action.  In fact, we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL." (*citing Vess v. Ceba-Geigy Corp.*, USA, 317 F.3d 1097, 1101-1105 (9th Cir. 2003).

Here, Plaintiff fails to allege any predicate violation for her UCL claim, much less allege it with the requisite specificity.  Although Plaintiff alleges a laundry list of allegedly "deceptive acts," she fails to provide any factual support for any of her claims.  For instance, Plaintiff makes conclusory allegations of "fraud" or other "misrepresentations" without alleging with specificity any particular fraud or misrepresentation at issue.  *See* FAC 8.8.   These allegations cannot meet the Rule 8 standard as expounded by *Iqbal* and *Twombley*, to say nothing of the heightened pleading requirement for violations of UCL based in fraud, which appears to be the only violation Plaintiff attempts to allege against the undifferentiated "Defendants."  *See Kearns,* 567 F.3d at 1125.  Plaintiff also fails to allege that she suffered any injury

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   in fact in support of her UCL claim.  In fact, Plaintiff has suffered no injury

2   whatsoever in this action.  Specifically, Plaintiff concedes that she entered into a loan

3   agreement with Defendants.  FAC ¶ 10.3.  Plaintiff defaulted on her loan.  See RJN,

4   Exh. B.  Yet, Plaintiff is still enjoying the benefits of her loan as there are no

5   allegations that Defendants foreclosed on her property.Accordingly, Plaintiff's claim

6   should be dismissed.

7       **3.**     **Plaintiff Cannot Allege A Violation Of Business And Professions**

8                **Code Section 17500**

9       In Plaintiff's final attempt to state a deceptive trade practices claim, she alleges

10  that Defendants violated Business and Professions Code Section 17500 by their "false

11  and fraudulent advertising of 'low loan rates.'"  FAC ¶ 8.7.  To state a claim under the

12  False Advertising Law, California Business & Professions Code Section 17500

13  ("FAL"), a plaintiff must allege that a defendant disseminated advertising containing a

14  statement that was untrue or misleading, which defendant knew, or in the reasonable

15  exercise of care should have known, was untrue or misleading.  Cal. Bus. & Prof.

16  Code § 17500; *Searle v. Wyndham Int'l, Inc.*, 102 Cal. App. 4th 1327, 1333 (2002).

17  Moreover, an action for False Advertising requires "actual reliance."  *Princess Cruise*

18  *Lines, LTD. v. Super. Ct.,* No. B212761, 2009 WL 3747211, at *4 (Cal. App. 2 Dist.

19  Nov. 10, 2009).  "Although fraud is not an essential element of a claim under Section

20  17500, if the primary underlying wrong that plaintiff is alleging is based on fraud, the

21  allegations of fraudulent conduct alleged in support of plaintiff's Section 17500 claim

22  must satisfy the heightened pleading requirements of Rule 9(b)."  *Labra v. Cal-*

23  *Western Reconveyance Corp.,* No. C-09-2537, 2010 WL 889537, at *14 (N.D. Cal.

24  March 11, 2010).

25      Plaintiff's single allegation that Defendants violated the FAL by their "false

26  and fraudulent advertising of 'low loan rates'" falls woefully short of satisfying the

27  requisite heightened pleading standard.  *See* FAC ¶ 8.7.  Indeed, by failing to provide

28  any facts pertaining to Defendants' purported false advertising (as basic as the actual

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1   loan rate Defendants purportedly advertised), Plaintiff fails to meet even the most

2   liberal pleading standards as to her deceptive trade practices claim, and hence, the

3   claim is ripe for dismissal.

4   **I.    Plaintiff's Negligence Claim Fails As A Matter Of Law**

5        To prove a cause of action for negligence, plaintiff must show "(1) a legal duty

6   to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause

7   between the breach and (4) resulting injury." *Castaneda v. Saxon Mortgage Services,*

8   No. 2:09-01124, 2009 WL 4640673, at *4 (E.D. Cal. Dec. 3, 2009).  As to Plaintiff's

9   ninth cause of action for negligence/gross negligence, Defendants owe Plaintiff no

10  duty "to use due care toward an interest of another that enjoys legal protection against

11  unintentional invasion." *Quelimane Co. v. Stewart Title Guaranty Co.,* 19 Cal. 4th 26,

12  57 (1998).  Thus, a complaint that lacks facts to show that a duty of care is owed is

13  fatally defective.  *Peter W. v. San Francisco Unified School Dist.,* 60 Cal. App. 3d

14  814, 820 (1976).

15       It is well-established that a lender of money does not owe any duty of care to a

16  borrower where the institution's involvement in the loan transaction does not exceed

17  the scope of its conventional role as a mere lender of money.  *Nymark v. Heart Fed.*

18  *Savings & Loan Assn.,* 231 Cal. App. 3d 1089, 1095-96 (1991) (affirming summary

19  judgment in favor of defendant lending institution because defendant owed no duty to

20  plaintiff in the preparation of a property appraisal where "defendant performed the

21  appraisal of plaintiff's property in the usual course and scope of its loan processing

22  procedures to protect defendant's interest by satisfying it that the property provided

23  adequate security for the loan"); *Wagner v. Benson,* 101 Cal. App. 3d 27, 35 (1980)

24  (finding that lender owes no duty of care to borrower in connection with the approval

25  of the loan absent some suggestion that the lender was actively involved in the

26  business venture beyond merely lending money); *Fox & Carskadon Fin. Corp. v. San*

27  *Francisco Fed. Sav. & Loan Ass'n.,* 52 Cal. App. 3d 484, 489 (1975) (noting that a

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 18 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  strong public policy exists against imposing upon lenders any duties that would make

2  them insurers of the businesses to which they lend funds).

3       Here, Plaintiff fails again to allege any facts indicating that Defendants were

4  anything other than a conventional lender of money.  Further, Plaintiff's contention

5  that Defendants owe Plaintiff a duty under California Civil Code Section 1102 is

6  meritless because Section 1102 does not apply to Defendants.  *See* Section, V.G.,

7  *supra.*  Plaintiff also re-alleges verbatim the same allegation that failed in her

8  Complaint, that "Defendant also owed Plaintiff a duty to service the subject loan with

9  care, and in ways that do not result in fraud."  FAC ¶ 9.3.  This Court has already

10  rejected this argument, instructing Plaintiff to "identify some other basis for a duty."

11  (Docket No. 21.)  Plaintiff has failed to do so in her FAC and her negligence/gross

12  negligence claim should be dismissed with prejudice.

**J.**    **Plaintiff's Breach Of Contract Claim Fails Because Plaintiff Cannot**
14      **Identify Any Express Term That Was Breached**

15       Plaintiff's tenth cause of action for breach of contract also fails.  Under

16  California law, to state a claim for breach of contract, the plaintiff must plead: (1) the

17  existence of the contract; (2) plaintiff's performance or excuse for nonperformance,

18  (3) defendant's breach of the contract, and (4) resulting damages.  *Pontiflet-Moore v.*

19  *GMAC Mortgage*, No. 10685, 2009 WL 432076, at *9 (E.D. Cal. Jan. 15, 2010)

20  (citations omitted).  A breach of contract claim also requires the plaintiff to allege a

21  breach of the actual express terms of the contract.  *Id.*

22       Here, Plaintiff alleges that she entered into an unspecified written loan

23  agreement with Defendants.  FAC ¶ 10.3.  Plaintiff further alleges that "defendants

24  breached the agreement by failing to disclose material and important information

25  regarding the condition of the "loan" [sic] offered to plaintiff's real property that was

26  within defendant's knowledge."  FAC ¶ 10.9.  This allegation is unintelligible.  At the

27  threshold, the FAC gives no clue as to what information the undifferentiated

28  "Defendants" allegedly concealed, and what terms of the loan agreement Defendants

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   allegedly breached.

2   Further, the FAC suggests that certain disclosure statements provided to

3   Plaintiff "prior to plaintiff's execution of the agreement" were allegedly fraudulent.

4   FAC ¶¶ 10.4, 10.6.  In other words, Plaintiff does not seem to allege a breach of any

5   express terms of the loan agreement at issue at all.  Rather, Plaintiff appears to allege

6   an unspecified breach of unidentified statements made prior to the execution of the

7   loan agreement.  As to Plaintiff's reference to Civil Code Section 1102, they are again

8   misplaced as examined above, and it is unclear how they can support a breach of

9   contract claim in any event.  *See* FAC ¶¶ 10.16, 10.17.  Accordingly, Plaintiff's

10   breach of contract claim fails as a matter of law.

11   Moreover, Plaintiff has suffered no damages whatsoever in this action.

12   Specifically, Plaintiff concedes that she entered into a loan agreement with

13   Defendants.  FAC ¶ 10.3.  Plaintiff defaulted on her loan.  See RJN, Exh. B.  Yet,

14   Plaintiff is still enjoying the benefits of her loan as there are no allegations that

15   Defendants foreclosed on her property.  Accordingly, whether or not Defendants

16   purportedly made false representations to Plaintiff concerning the amount owed to

17   Defendants, Plaintiff suffered no damages as she never paid the amount purportedly

18   misrepresented by Defendants.  Accordingly, whether captioned as breach of contract,

19   civil rights violation, RICO, fraud, deceptive trade practices or the like, Plaintiff

20   simply suffered no injury as she is currently enjoying a windfall resulting from her

21   default on the loan.

22   **K.**   **Plaintiff Fails To Allege Tortious Interference With Business Contracts**

23   Plaintiff's tortious interference claim fares no better.  A tortious interference

24   with business contracts occurs when a defendant intentionally interferes with a valid

25   contract between plaintiff and a ***third party***.  *See Pacific Gas & Elec. Co. v. Bear*

26   *Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990) (emphasis added).  To sustain an

27   interference claim, a plaintiff must allege "the existence of a specific economic

28   relationship" with "third parties that may economically benefit the [plaintiff]." *Silicon*

– 20 –

1 *Knights v. Crystal Dynamics*, 983 F. Supp. 1303, 1313 (N.D. Cal. 1997) ("Plaintiff's

2 cause of action for negligent interference with economic relations fails to state a claim

3 since the complaint does not allege the existence of a specific economic relationship

4 between [the plaintiff] and third parties.").

5      Here, again, Plaintiff alleges that Defendants interfered with their own contract

6 with Plaintiff. *See* FAC ¶ 11.2 (alleging an enforceable contract with defendants);

7 FAC ¶ 11.3 (alleging that "defendants have tortiously interfered with the contract by

8 way of its fraudulent and deceptive acts complained herein"). Plaintiff was instructed

9 to cure this deficiency in her FAC, and it is clear that she cannot do so. Accordingly,

10 Plaintiff's claim should be dismissed with prejudice.

11 **L.**   **Plaintiff's Civil Rights Claims Fail As A Matter Of Law**

12      Plaintiff's twelfth, thirteenth, and fourteenth causes of action for violations of

13 42 U.S.C. Sections 1981, 1983, and 1985, respectively, fail to allege the necessary

14 elements for violations of these statutes.

15     **1.**   **Plaintiff Does Not Allege Discriminatory Conduct**

16      Most significantly, each of Plaintiff's civil rights claims alleged under Title 42

17 fail because Plaintiff has not alleged any facts that any of the Defendants intentionally

18 discriminated against her on account of her membership in a protected class, as

19 required under each of the Title 42 statutes alleged. *See, e.g., Stones v Los Angeles*

20 *Community College Dist,* 796 F. 2d 270 (9th Cir. 1986) (under 42 USC § 1981 and §

21 1983, plaintiff must prove defendant acted with discriminatory intent); *Imagineering,*

22 *Inc v. Kiewit Pac Co,* 976 F.2d 1303, 1313 (9th Cir. 1992) (under section 1981,

23 plaintiff must allege facts that would support an inference that defendants

24 intentionally and purposefully discriminated against him.).

25      Here, Plaintiff's conclusory allegations that she "suffered intentional

26 discrimination on the basis of membership in a protected class; and her race,

27 Vietnamese" is insufficient to establish a discriminatory intent. *See* FAC, ¶ 12.4.

28 Such conclusory allegations made without any factual underpinning fail to meet the

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   requisite pleading standard of Federal Rule of Civil Procedure Rule 8.  *See Hafiz v.*
2   *Greenpoint Mortg. Funding, Inc.*, 2009 U.S. Dist. Lexis 60818, *15 (N.D. Cal.)
3   (dismissing similarly pled discrimination claim as "legal conclusions couched as
4   factual allegations which are not entitled to a presumption of truth") (*citing Ashcroft v.*
5   *Iqbal*, 129 S.Ct. 1937, 1950 (2009)); *Singh v. Wells Fargo Bank, N.A. et al.,* No. c-09-
6   2035, 2009 WL 2365881 (N.D. Cal. July 30, 2009).

7       In *Singh*, plaintiff brought a discrimination claim against a mortgage lender,
8   alleging that the lender "targeted minority [*sic*] to make loans on less favorable terms
9   than their Caucasian counterparts," and that "Defendants intentionally targeted
10  Indians, and/or Indian natives in the making of loans on terms less favorable then [six]
11  their Caucasian counterparts." *Id.* at *4.  The court dismissed plaintiff's claim as
12  "mere legal conclusions" that "do nothing more than recite some of the elements of
13  the cause of action." *Id.*

14      Here, Plaintiff alleges the same legal conclusions as in *Singh,* without alleging
15  any factual detail as to how Defendants discriminated against her.  Plaintiff does not –
16  and cannot – cite to any specific practice or discretionary policy of any Defendant that
17  resulted in nationality based discrimination.  Indeed, Plaintiff cannot even allege that
18  Defendants knew of her race, much less specifically targeted Plaintiff for
19  discrimination on account of her race. *See Lomboy v. SCME Mortgage Bankers,* No.
20  C-09-1160, 2009 WL 1457738, at *7 (N.D. Cal. May 26, 2008) (dismissing Section
21  1981 claim for failure to allege specific practice that resulted in discrimination).  As
22  such, Plaintiff's civil rights claims fail for this independent reason and must be
23  dismissed.

24      Moreover, it is entirely unclear what right Defendants allegedly deprived
25  Plaintiff of, and how she was treated any differently because of her race.  Plaintiff's
26  conclusory allegations that Defendants "deprive[d] plaintiff of certain rights and
27  privileges protected under the constitution and state law" fail to put Defendants on
28  notice of their allegedly wrongful conduct under even the most liberal pleading

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1   standards.  Plaintiff obtained a loan for $548,000 from Defendants.  RJN, Exh. A.  She

2   retains the proceeds of her loan despite the fact that she is in default on her loan.  She

3   continues to maintain and enjoy the benefits of the property that secures the subject

4   loan despite her default.  Accordingly, it is hard to imagine what discrimination

5   Plaintiff now complains of.  This claim should be dismissed for this failure alone.

6       2.      **Plaintiff Has Not Alleged State Action**

7       Section 42 U.S.C. § 1983 requires that the defendant exercise power "possessed

8   by virtue of state law and made possible only because the wrongdoer is clothed with

9   the authority of state law."  *West v. Atkins*, 487 U.S. 42, 49 (1988) (*quoting United*

10  *States v. Classic*, 313 U.S. 299, 326 (1941)); *see also Rank v. Nimmo,* 677 F.2d 692

11  (9th Cir. 1982).  In *Nimmo,* the Ninth Circuit held that a private mortgage lender who

12  foreclosed on a plaintiff's property was not a state actor.  *Id.* at 693-94.  The plaintiff

13  had obtained a mortgage loan through the VA Home Mortgage Guarantee Program,

14  which was a federal program that guaranteed a portion of a qualifying veteran's

15  mortgage, enabling veterans to obtain mortgage loans without a substantial down

16  payment.  *Id.*  A private commercial lender made a loan to the plaintiff under the

17  program.  *Id.*  When the plaintiff defaulted, the lender foreclosed on the plaintiff's

18  property.  *Id.* at 695-96.  The Ninth Circuit held that even though the private lender

19  was subject to extensive federal regulation under the federal home loan guaranty

20  program, the private lender was not a state actor.  *Id.* at 702.

21      Here, Plaintiff's conclusory allegations that Defendants are state actors are

22  insufficient to establish state action under Section 1983.  Indeed, Plaintiff incorrectly

23  states on information and belief that defendants Countrywide Home Loans, Inc. and

24  BAC Home Loans Servicing, LP are national banks.  *See* FAC ¶ 13.5.  As evident

25  from their names, Countrywide Home Loans, Inc. is a corporation and BAC Home

26  Loans Servicing, LP, is a limited partnership; neither are national banks.  In any event,

27  Plaintiff does not allege any facts supporting her conclusory allegation that

28  Defendants are state actors; she simply recites certain sections of the Banking Act and

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 23 –

1   concludes that Defendants are state actors. *See* FAC ¶¶ 13.11, 13.3. Entirely absent

2   from Plaintiff's FAC are any factual allegations of any conduct by Defendants that

3   rises to the level of state action. Defendants are private actors and Plaintiff has not

4   alleged any facts to the contrary.

5   **3.   Plaintiff's Claim Under 42 U.S.C. § 1981 Is Time Barred And Fails**

6   **To Allege A Violation**

7       The statute of limitations period for claims brought pursuant to the Civil Rights

8   Act of 1991, 42 U.S.C. § 1981 are subject to the two-year statute of limitations for

9   personal injury actions in California. *See Taylor v. Regents of Univ. of Cal.*, 993 F.2d

10  710, 711 (9th Cir. 1993) (noting that California's statute of limitations for personal

11  injury actions governs claims brought pursuant to Civil Rights Act of 1991).

12      Here, Plaintiff alleges that she entered into the subject loan agreement on or

13  about June 23, 2007. FAC ¶ 10.3. Plaintiff did not file her Complaint until February

14  2, 2010 – over two years after the subject loan closing. *See* FAC, Introduction.

15  Accordingly, Plaintiff's Section 1981 claim is barred by the statute of limitations.

16      Furthermore, Plaintiff's Section 1981 claim also fails because Plaintiff has not

17  alleged a violation of Section 1981. Section 1981 provides that "[a]ll persons within

18  the jurisdiction of the United States shall have the same right in every State and

19  Territory to make and enforce contracts." 41 U.S.C. § 1981(a). Plaintiff plainly

20  concedes that she entered into a contract with Defendants for a loan which she

21  continues to enjoy the benefits of. FAC ¶ 10.3. The disjointed FAC simply contains

22  no allegation of any discrimination. Hence, Plaintiff cannot now contend that she was

23  unable to make or enforce the contract based on Defendant's purported violations of

24  her civil rights.

25  **4.   Plaintiff Has Not Alleged A Conspiracy Under 42 U.S.C. § 1985**

26      Plaintiff's fourteenth cause of action for conspiracy to interfere with civil rights

27  under 42 U.S.C. § 1985 suffers a similar fate. A plaintiff bringing a claim for

28  conspiracy must allege that the defendant "had knowledge of and agreed to both the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 24 –

objective and the course of action that resulted in the injury, that there was a wrongful act committed pursuant to that agreement, and that there was resulting damage." *Berg & Berg Enterprises, LLC v. Sherwood Partners, Inc.*, 131 Cal. App. 4th 802, 823 (2005) (citations omitted). Indeed, "because civil conspiracy is so easy to allege, plaintiffs have a weighty burden to prove it. They must show that **each member** of the conspiracy **acted in concert** and **came to a mutual understanding** to accomplish a common and unlawful plan, and that one or more of them committed an overt act to further it." *Choate v. County of Orange*, 86 Cal. App. 4th 312, 333 (2000) (internal citations omitted) (emphasis added)).

Here, Plaintiff's conspiracy claim fails to allege any supporting facts. Plaintiff merely alleges that "defendants have conspired to interfere with plaintiff [sic] civil rights or to violate 42 U.S.C. 1985(3)." FAC ¶ 14.2. Yet, there are no allegations as to the specific participants to this conspiracy, what the objective of the conspiracy was, what agreements were reached amongst the conspirators, or what actions were undertaken in furtherance of the conspiracy. Moreover, a Section 1985 claim may not survive without a viable Section 1983 claim. *See Olsen v Idaho State Bd. Of Med.*, 363 F.3d 916, 930 (9th Cir. 2004). Accordingly, Plaintiff's claim under 42 U.S.C. Section 1985 fails as a matter of law.

## V.   **CONCLUSION**

Defendants request that this Motion to Dismiss be granted in its entirety, and that this action be dismissed with prejudice.

DATED: May 19, 2010.

REED SMITH LLP

By   */s/ Thuy N. Tran*
Jordan Yu
Thuy N. Tran
Attorneys for Defendants Countrywide Home Loans, Inc., BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans") and ReconTrust Company, N.A.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 25 –