Jordan Yu (SBN 227341)
jsyu@reedsmith.com
Thuy N. Tran (SBN 258104)
ttran@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendants Countrywide Home Loans, Inc., BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans") and ReconTrust Company, N.A.

Vien-Phuong Thi Ho
Plaintiff In Pro Per
Vien.statement@yahoo.com
(562) 715-6618

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIEN-PHUONG THI HO,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTRYWIDE HOME LOANS, INC. a California Corporation, BANK OF AMERICA, a North Carolina Corporation, ReconTrust Company, NA., Does 1 thru 10<br><br>        Defendants. | No.: CV10 – 00741 GW (SSx)<br><br>Honorable George H. Wu<br><br>**JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)**<br><br>Date:         May 27, 2010<br>Time:        8:30 a.m.<br>Courtroom:  10<br><br>FAC Filed:   May 3, 2010 |

Plaintiff, Vien-Phuong Thi Ho, ("Plaintiff") and Defendants Countrywide Home Loans, Inc., BAC Home Loans Servicing, LP (erroneously sued as "Bank of America Home Loans") and ReconTrust Company, N.A. (collectively "Defendants") jointly submit this report in accordance with Rule 26(f) of the Federal Rules of Civil Procedure.

## I. DATE AND PLACE OF MEETING AND IDENTIFICATION OF PARTIES AND THEIR ATTORNEYS

### 1. THE DATE AND PLACE AT WHICH THE MEETING WAS HELD.

The Rule 26(f) meeting took place telephonically on May 20, 2010. Plaintiff, Vien Phuong Thi Ho is a pro se litigant and was not represented by counsel at the Rule 26(f) meeting. Defendants were represented at the Rule 26(f) meeting by Jordan Yu of Reed Smith, LLP.

### 2. NAME OF INSURANCE CARRIERS THAT MAY BE LIABLE FOR THE DEFENSE OR PAYMENT OF ANY DAMAGE AWARD.

Plaintiff – None. Plaintiff contends that Defendants have insurance carriers that are liable for the defense of payment of any damage award in this case, but has elected to state "None".

Defendant– None.

## II. DESCRIPTION OF THE CASE

### A. A CONCISE STATEMENT OF THE JURISDICTIONAL BASIS OF THE CASE, GIVING STATUTORY CITATION AND A BRIEF NARRATIVE DESCRIPTION.

Plaintiff contends that defendants violated multiple federal and state laws, and that federal jurisdiction is base on 28 U.S.C. §1331 (federal question), 28 U.S.C §1337 (commerce), and further premised upon 18 U.S.C. §1964(a), (b), (c), and (d) (Racketeer Influenced and Corrupt Organizations). Consumer Credit Protection Act 15 U.S.C §1601-1693 and the Common law of this State. Based upon defendants fraudulent conduct Plaintiff further contends that several civil rights violations have occurred and that Jurisdiction is based upon section 1981 of the Civil Rights Act of

1866, and 28 U.S.C. §1343(4) which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights and §1331, which confers original jurisdiction upon this Court in a civil action arising under the Constitution or laws of United States.  Based upon discriminatory acts in housing, this actions is further brought pursuant to 42 U.S.C. §1981 for Equal Rights Under Law (42 U.S.C §1981) Civil Rights Violations (28 U.S.C. §1443), Civil Action for Deprivation of Rights under (42 U.S.C. §1983), Conspiracy to interfere with Civil Rights to Possession of Property under (42 U.S.C. §1985), **12 U.S.C. §2601- §2617 (Real Estate Settlement Procedures Act)** and pursuant 28 U.S.C. §2201 – §2202.  The Declaratory Judgment Act requesting a declaration that all of the fraudulent activity of Countrywide, Bank of America, and its agents be declared unlawful in commerce.

**B.    A BRIEF NARRATIVE OF THE FACTS GIVING RISE TO THIS LAWSUIT, INCLUDING A DESCRIPTION OF LEGAL CLAIMS AND DEFENSES.**

**Plaintiff's Statement of the Case:**

On or about June 2007, Defendants initiated a predatory loan against the Plaintiff for the sole purposes of defrauding plaintiff's estate, and for taking an undue financial advantage over the plaintiff, by <u>using multiple instruments of fraud</u>, and deceptive trade practices, described in the original and amended complaint.  Plaintiff contends that the so called "loan" was actually a <u>fraudulent "loan servicing scam"</u> and was not a real loan at all, and certainly was not actually funded with any real cash or money transfers from any of the defendants, and moreover, was not properly disclosed to the Plaintiff.  The said so called "loan" and multiple fraudulent instruments were ultimately used to defraud Plaintiff and Plaintiff's property, have caused severe economic losses (past, present, and future), have unlawfully deprived Plaintiff of valuable civil rights and rights to decent housing without harassment and/or fraud.  Moreover, these defendants, individually, and collectively have <u>knowingly and intentionally</u> practiced <u>unlawful discrimination</u> against the Plaintiff due to her race

and national origin, Vietnamese, and have given different terms and conditions of business contracts with Plaintiff, and these defendants routinely practiced these acts against Plaintiff, and against Vietnamese, and Asian customers in violation of law and Plaintiff's civil rights.  Further Plaintiff contends that Defendant committed a major **fraud** by claiming that it is **"Holder in Due Course"** of a note relative to Plaintiff's real property located at 2620 Fashion Avenue; Long Beach, California 90810. Plaintiff alleges this "scam" is also a major financial fraud, and loan servicing scam whereby defendants have *absolutely no interest in any such note*, and even if any such interest did exist, it is absolutely "null and void" due to defendants deceptive trade practices acts, and civil rights violations.  Up to May 20, 2010, the time of this joint report, defendants were still claiming that Plaintiff some how defaulted on a "loan" with them, but have consistently failed to provide any disclosure or proof that it is in fact the holder in due course of any mortgage notes connected to Plaintiff's property.

**Defendants' Statement of the Case:**

Plaintiff obtained a loan from Defendants in or about June 2007 and has since defaulted on her loan.  Despite defaulting on her loan, Plaintiff continues to enjoy the benefit of the loan, which was secured on Plaintiff's property.  Plaintiff's First Amended Complaint appears to allege that Defendants failed to provide certain disclosures related to her refinance loan.  Plaintiff also seems to allege fraudulent activity by Defendants, but it is unclear what the nature of the fraudulent conduct is. Defendants deny any and all liability.

C.  **A SUMMARY ITEMIZATION OF THE DOLLAR AMOUNT OF EACH ELEMENT OF THE ALLEGED DAMAGES.**

**Plaintiff claims damages as follows: Approximately $40 Millions in damages are claimed**.  The dollar amount is based on actual damages, punitive, and treble damages of defendants, stemming from defendants's wrongful conduct, and deceitful, egregious, flagrant, and unbound treachery, which has caused personal financial losses and mental distress to the Plaintiff's estate.

**Defendants claim damages as follows:**

Defendants deny all liability in this action and therefore deny that Plaintiff is entitled to any such damages as described above.

## III. PLEADINGS

### A. A STATEMENT OF WHETHER THE COMPLAINT AND ALL RESPONSIVE PLEADINGS HAVE BEEN FILED, AND WHETHER ANY PARTY PROPOSES TO AMEND ITS PLEADINGS.

**Plaintiff** – An amended complaint has been filed by the plaintiff, but defendants have failed to respond to well pleaded complaint, and contends without foundation, or merit that plaintiff's complaint should be dismissed. However, Plaintiff contends that defendant's Motion to Dismiss is <u>frivolous and baseless in nature,</u> designed to delay, or otherwise dismiss a well pleaded complaint for which defendants have failed to answer, or is unable to answer. Plaintiff anticipates that Defendants purported Motion to Dismiss Plaintiff's First Amended Complaint will be DENIED in its entirety.

**Defendant** – Defendants have filed a Motion to Dismiss Plaintiff's First Amended Complaint and a hearing is set for July 8, 2010. Defendants reserve the right to respond to any further amended pleadings.

**1. The date by which all motions that seek to amend the pleadings or add parties will be filed.**

Plaintiff – September 30, 2010

Defendants - Defendants' Motion to Dismiss Plaintiff's FAC is currently noticed for July 8, 2010. If Plaintiff is permitted to further amend her pleadings, Defendants anticipate that further pleading challenges may be necessary.

**2. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.**

Plaintiff: A Jury trial is available and has been timely demanded by the Plaintiff

IV. <u>DISCOVERY PLAN</u>

A. **DATE BY WHICH THE INITIAL RULE 26(A)(1) DISCLOSURES OF WITNESSES, DOCUMENTS, ITEMIZED DAMAGE COMPUTATIONS AND INSURANCE WILL BE COMPLETED (IF NOT ALREADY COMPLETED).**

June 10, 2010, pursuant to F.R.C.P. 26(a)(1)(C).

B. **STATEMENT OF EFFORTS WHICH HAVE BEEN MADE TO SETTLE OR RESOLVE THE CASE TO DATE.**

Plaintiff: The Parties have not engaged in information settlement negotiations, but have been unable to settle the case.

Defendants: Defendants have requested a demand from Plaintiff. Plaintiff has not responded.

C. **WHETHER THE PARTIES WISH TO ENGAGE IN ANY METHOD OF ALTERNATIVE DISPUTE RESOLUTION FOLLOWING RULE 26(A)(1) DISCLOSURES BUT BEFORE FORMAL DISCOVERY IS COMMENCED.**

The parties are open to further settlement negotiations facilitated by the Court.

D. **WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES, OR LIMITED TO OR FOCUSED UPON, PARTICULAR ISSUES.**

**Plaintiff: Response to all the matters raised in Rule 26(f)**

26(f)(3)(A): No changes should be made to the timing, form, or requirement of initial disclosures.

26(f)(3)(8): Discovery will likely be needed on issues related to the underlying purported loan and note on the property. The parties estimate discovery will be completed by February 28, 2011. Discovery will not be conducted in phases or limited to or focused upon particular issues.

26(3)(C): No issues are anticipated regarding discovery of electronically stored information. To the extent electronically stored information is produced, it will be printed and produce in paper format.

26(f)(3)(D): No issues relating to privilege have been identified at this point and the

parties have not reached any agreement regarding a procedure for asserting claims for privilege.

26(f)(3)(E): No changes are required in the limitations of discovery imposed by the Rules.

26(f)(3)(F): The court should enter an order ordering defendants to produce the original mortgage note to the Plaintiff in the interest of saving valuable time and expenses in this litigation.

**Defendants:** Discovery will focus on Plaintiff's loan transaction and various disclosures related to the loan, Plaintiff's payment of her loan, Plaintiff's correspondence with Defendants, and Plaintiff's lack of damages. Discovery should not be conducted in phases.

E.  THE DATE BY WHICH EACH PARTY SHALL DISCLOSE THE IDENTITY OF EXPERT WITNESSES AND THEIR REPORTS UNDER RULE 26(A)(2)(A) AND (B).

Plaintiff's expert disclosure: March 25, 2011

Defendants' expert disclosure: April 25, 2011

V.  **CLOSE OF DISCOVERY AND NON-DISPOSITIVE MOTIONS**

A.  THE DATE BY WHICH ALL FACT DISCOVERY SHALL BE COMPLETED AND ALL NON-DISPOSITIVE MOTIONS, EXCLUDING DISCOVERY MOTIONS, SHALL BE FILED AND SERVED.

March 25, 2011

B.  THE DATE BY WHICH ALL EXPERT DISCOVERY SHALL BE COMPLETED.

May 27, 2011

VI.  **DISPOSITIVE MOTIONS AND TRIAL**

A.  DATE BY WHICH ALL DISPOSITIVE MOTIONS SHALL BE SERVED, FILED.

June 27, 2011

B.  DATE BY WHICH CASE WILL BE READY FOR TRIAL.

September 2011

1  C. **ESTIMATED TRIAL TIME (INCLUDING JURY SELECTION AND INSTRUCTIONS, IF**
2  **APPLICABLE).**
3  The trial of this matter should last no more than 3 days.

Dated: May 24, 2010

By: /s/ Vien-Phuong Thi Ho
Vien-Phuong Thi Ho
In Pro Per

Dated: May 24, 2010

By: /s Thuy Tran
Thuy Tran
Attorney for Defendants
Countrywide Home Loans, Inc.,
BAC Home Loans Servicing, LP
(erroneously sued as "Bank of
America Home Loans") and
ReconTrust Company, N.A.

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this court at whose direction the service was made. My business address is REED SMITH LLP, 355 South Grand Avenue, Suite 2900, Los Angeles, CA 90071-1514. On May 24, 2010, I served the following document(s) by the method indicated below:

**JOINT DISCOVERY PLAN PURSUANT TO F.R.C.P. 26(f)**

[x] BY CM/ECF ELECTRONIC DELIVERY: In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website www.ecf.cacd.uscourts.gov

[ ] by transmitting via facsimile on this date from fax number +1 213 457 8080 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 PM and was reported complete and without error. The transmission report, which is attached to this proof of service, was properly issued by the transmitting fax machine. Service by fax was made by agreement of the parties, confirmed in writing.

[x] by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this Declaration.

[ ] by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. A signed proof of service by the process server or delivery service will be filed shortly.

[ ] by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below. A copy of the consignment slip is attached to this proof of service.

[ ] by transmitting via email to the parties at the email addresses listed below:

Vien-Phuong Thi Ho
2620 Fashion Avenue
Long Beach, CA 90810
T: 562-715-6618
Plaintiff in Pro Per

- 1 -

1  I declare under penalty of perjury under the laws of the United States that the above is true and correct. Executed on May 24, 2010, at Los Angeles, California

2  /s/ Cary Tobaben
   Cary Tobaben

3  US_ACTIVE-103258635.1

- 2 -