1  VIEN PHUONG THI HO
   Plaintiff In Pro Per
2  2620 Fashion Avenue
   Long Beach, CA. 90810
3  Telephone: (562) 715-6618
   vien.statement@yahoo.com
4

5

6

7



8              **UNITED STATES DISTRICT COURT**

9

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12 VIEN-PHUONG THI HO,                Case No.: **CV10 – 00741 GW (SSx)**

13              Plaintiff,             Honorable Judge George H. Wu

14      vs.                           Magistrate Judge Suzanne H. Segal

15 COUNTRYWIDE HOME LOANS, INC. a
16 California Corporation, BANK OF AMERICA,
   a North Carolina Corporation,          **Jury Trial Demanded**
17 ReconTrust Company, NA., Does 1 thru 10
              Defendants.

18                                    **THIRD AMENDED**
19                                    **COMPLAINT**

20

21                                    **September 7, 2010**

22

23

24      **PLAINTIFF'S THIRD AMENDED COMPLAINT FOR TRUTH IN**
25 **LENDING VIOLATIONS, FRAUD, RICO, RESPA VIOLATIONS, AND**
              **DECLARATORY JUDGMENT**
26

27

28

---

PLAINTIFF'S THIRD AMENDED COMPLAINT

I.   **INTRODUCTION**

This is a civil action and third amended complaint to recover money damages brought by plaintiff ***Vien Phuong Thi Ho*** against defendants Countrywide Home Loans, Inc. BAC Home Loan Servicing, LP., ReconTrust and its agents, employees, **and legal representatives**, complaining of ***FRAUD*** (multiple counts), unlawful business practices, deceptive trade practices, **predatory lending practices**, which violate state and federal law; and for a diabolical and evil scheme to defraud, extort, and to steal personal property and money, in connection with the operation of illegal enterprises, stemming from illegal activities prohibited by the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C §1961 et seq), and for willful violations of the Consumer Credit Protection Act (15 U.S.C §1601-1693, et seq) (Truth in Lending Act), violations of Real Estate Settlement Procedures Act, 12 U.S.C. §2601–§2617) and for a Declaratory Judgment pursuant to 28 U.S.C. §2201- §2202. Defendants are RICO enterprises as defined under 18 U.S.C. §1961. Plaintiff is a person under section 1964(c) who has been injured in her business or property by reason of RICO violations and is entitled to damages under the statute. The racketeering has been long, continuous, and on-going.

II.   **RELIEF SOUGHT**

The relief sought includes money damages, actual damages, damages for **FRAUD** damages for illegal racketeering, actual damages, compensatory damages, punitive damages under state law, treble damages, the imposition of a constructive trust with tracing, cost of investigation and suit, interest, reversal of fraudulent accounting entries, and a declaratory judgment declaring the fraudulent acts to be unlawful, and defendant fraudulent loan and promissory note to be unenforceable, and for all other relief afforded under law.

### III. JURISDICTION AND VENUE

The jurisdiction of this court over this complaints is premised upon 18 U.S.C. §1964(a), (b), (c), and (d) (Racketeer Influenced and Corrupt Organizations), the Consumer Credit Protection Act 15 U.S.C §1601-1693; The Real Estate Settlement Procedures Act, 12 U.S.C. §2601–§2617)and the Declaratory Judgment Act. 28 U.S.C. §2201 - §2202.  Federal jurisdiction is also based on 28 U.S.C §1331 (federal question), 28 U.S.C §1337 (commerce), and the COMMON LAW of the state of California.

**SUPPLEMENTAL JURISDICTION**

This court has jurisdiction over the state law claims contained in this complaint under the doctrine of supplemental jurisdiction.

PLAINTIFF'S THIRD AMENDED COMPLAINT

1

# TABLE OF CONTENTS

2

I.   INTRODUCTION...........................................................................................1

II.  RELIEF SOUGHT........................................................................................1

III. JURISDICTION AND VENUE.......................................................................2

IV. BACKGROUND AND FACTUAL  ALLEGATION.............................................5

V.  PREDATORY LENDING PRACTICES...........................................................7

DEFENDANT COUNTRYWIDE HOME LOANS, AND BAC HOME LOAN SERVICING **ROUTINELY HARASS CONSUMERS ACROSS THE UNITED STATES AND HAVE BEEN SUED BY MANY STATE ATTORNEY GENERAL OFFICES AROUND THE COUNTRY.........................................................................................9**

VI. **COUNT 1**: COMPLAINT FOR VIOLATION OF TRUTH IN LENDING.................10

VII.    **COUNT 2**: COMPLAINT FOR *FRAUD* (12 COUNTS)................................12

FRAUD COUNT #1...........................................................................13

FRAUD COUNT #2...........................................................................17

FRAUD COUNT #3...........................................................................21

FRAUD COUNT #4...........................................................................25

FRAUD COUNT #5...........................................................................29

FRAUD COUNT #6...........................................................................33

FRAUD COUNT #7...........................................................................37

FRAUD COUNT #8...........................................................................41

FRAUD COUNT #9...........................................................................45

FRAUD COUNT #10..........................................................................49

FRAUD COUNT #11..........................................................................53

FRAUD COUNT #12..........................................................................57

THE MULTIPLE ACTS OF FRAUD CONSTITUTE DECEPTIVE TRADE PRACTICES.........................58

VIII.    RACKEETEER INFLUENCED CORRUPT ORGANIZATION.........................63

IX. **COUNT 3**: COMPLAINT FOR RICO – SECTION A.......................................63

IX. **COUNT 4**: COMPLAINT FO RICO – SECTION B...........................................64

X.  **COUNT 5**: COMPLAINT FOR RICO SECTION C........................................66

XI. **COUNT 6**: COMPLAINT FOR RICO – SECTION D........................................67

XII.    **COUNT 7**:  COMPLAINT FOR RESCISSION FOR **FRAUD  & FAILURE OF** CONSIDERATION................................................................................68

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S THIRD AMENDED COMPLAINT

**XIII.   COUNT 8:  COMPLAINT FOR TRESPASS TO REAL PROPERTY**...............69

**XIV.**   COUNT 9:  COMPLAINT FOR RESPA VIOLATIONS OF REAL ESTATE
        SETTLEMENT   PROCEDURE ACT (12 U.S.C. §2601–
        §2617)......................................................................................71

**XV.    COUNT 10:**  COMPLAINT FOR DECEPTIVE TRADE PRACTICES AND
VIOLATIONS OF CALIFORNIA PROFESSIONAL CODE SECTION
**Section 17200 and 17500**.............................................................73

*XVI.*   **COUNT 11:**  NEGLIGENT MISREPRESENTATION...................................76

**XVII.   COUNT 12**:  BREACH OF CONTRACT..............................................78

**XVIII. COUNT 13:**  INTERFERENCE WITH A CONTRACT..................................81

**XIX.    COUNT 14**:  BREACH OF GOOD FAITH AND FAIR DEALINGS..................82

**XX.    COUNT 15**:  UNJUST ENRICHMENT ..............................................84

**XXI.    COUNT 16:**  COMPLAINT FOR DECLARATORY JUDGMENT.....................86

**XXII.**  EXTREME AND OUTRAGEOUS CONDUCT.........................................88

**XXIII.**  PUNTIVE DAMAGES..................................................................89

**XXIV.** PRAYER...................................................................................90

CERTIFICATE OF SERVICE ..........................................................  91
LIST OF EXHIBITS ATTACHED.

## IV.  BACKGROUND AND FACTUAL ALLEGATIONS

In an harassing, and evil scheme to steal and defraud financial assets of the Plaintiff, the named defendants and its agent commenced a scam to unlawfully extort monies out of the plaintiff financial estate by forwarding misleading and false instruments or invoices to the plaintiff via the U.S. mails and by other means. These misleading and false instruments contained incorrect, misleading, erroneous amounts, and such amounts cannot be verified to reconcile with any accounting of the plaintiff. Moreover, these amounts are inflated self-serving amounts which were fabricated by the defendants and are not really owed to these defendants. It is specifically alleged herein, that these fraudulent amounts were wrongly, and unjustly manufactured by the defendants in order to gain an unjust economic financial advantage over the plaintiff. These amounts were promptly disputed by the plaintiff. These instruments originated from a past predatory loan plaintiff had with defendants.

For example, on at least twelve (12) separate occasions, the named defendants forwarded financial instruments (e.g. bills, invoices, notices, etc) to the Plaintiff which contained fraudulent amounts, and/or misleading information not consistent with any contract or agreement plaintiff has with defendants.

The defendant knowingly sent these fraudulent financial instruments purporting to be a debt owed by the plaintiff, but in fact which is not really owed, and is nothing more than an attempt to take undue advantage of the Plaintiff.

This amounts as claimed by the defendants is not owed to the defendants and cannot be supported by the defendants as being a valid debt or amount owed by the plaintiff.  This instrument is identified as: .These amounts further represents **accounting fraud,** as this transaction does not comply with Generally Accepted Accounting Principles (GAAP) and cannot be traced back to the defendant's double entry accounting system. This amount was known by the defendants to be a fraudulent amount because such

1  transaction could not be traced back to defendants accountant, and was never authorized
2  by the plaintiff.
3      Defendant Countrywide uses a double-entry accounting system, based upon GAAP,
4  to maintain its customer accounts including plaintiff's account.  However, the balances
5  contained in this accounting system are fraudulent in nature, because they contain
6  charges, interest, and other amounts which are not authorized or supported in the original
7  mortgage instrument.
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF'S THIRD AMENDED COMPLAINT

## V. PREDATORY LENDING PRACTICES, FRAUD, VIOLATIONS OF TRUTH IN LENDING AND VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT

Defendants Countrywide, Bank of America, and its customer service agents subjected the plaintiff to a series of meaningless exchanges resulting in a process whereby it takes several months for defendants to correct its own errors. These defendants and its collection agents similarly fails to respond to written correspondence from its customers including the plaintiff. In such instances, the plaintiff, is forced to investigate and/or pay improper fees and charges, and is not reimbursed for such charges, or time spent because defendant's customer services system is ill-equipped to resolve customer complaints. When defendant's representatives are contacted to resolve conflicts, these representatives simply deny the matter without a proper investigation, or simply refer customers back to defendant's ill equipped customer service and/or a phone numbers which bears a recording, or has been DISCONNECTED.

This process goes on and on in a like manner and nothing gets resolved. While in the course of doing business with defendants, the plaintiff's prior account managed by defendants was improperly, negligently, and fraudulently serviced, inadequately, up until the date of the filing of this lawsuit. Defendants continued to harass the plaintiff with these fraudulent, unsupported amounts and instruments invoices and it is specifically alleged that these constitute **intentional acts**, misconduct and a violation of federal and state law. Unauthorized charges and other unlawful charges were charged to an account purporting to be plaintiff's account but without a legal basis for assessing such charges. Many of these charges are simply fraudulent figures which defendant and/or its employees enter into a computer system and then these same exact fraudulent charges are used to wrongfully

collect or extort monies from the plaintiff and/or to foreclose, or otherwise convert personal property and assets belong to the plaintiff.

Defendant continued this unlawful activity despite plaintiff's previous dispute letters. These unauthorized fraudulent charges further result in conversion, embezzlement, and theft of plaintiff's assets because these final charges become actual "debts" to the plaintiff resulting in a conversion of plaintiff's cash assets. These irregularities result in violation of the federal Truth in Lending laws.

PLAINTIFF'S THIRD AMENDED COMPLAINT

1   **BACKGROUND AND FACTUAL ALLEGATIONS – CONTINUED**

2   **DEFENDANT COUNTRYWIDE HOME LOANS, AND BAC HOME LOAN SERVICING
    ROUTINELY HARASS CONSUMERS ACROSS THE UNITED STATES AND HAVE
3   BEEN SUED BY MANY STATE ATTORNEY GENERAL OFFICES AROUND THE
    COUNTRY**

4

5          Countrywide Home Loans, and BAC Home Loans, routinely harass consumers

6   around the United States and many lawsuits have been filed and pending against these

7   defendant in many states for the same illegal acts complained of here including the State of

8   California, Texas, Utah, New York, New Jersey, to name a few.

9
    Defendants sent plaintiff harassing notices with incorrect balances amounts and which
10
11  contained unauthorized charges to plaintiff's account.

12  **THE HOLDER IN DUE COURSE FALSE NOTE SCAM**

13  The defendants perpetrated a false note scam whereby it purports to be the true holder in

14  due course of a note connected the plaintiff's mortgage, in order to enrich itself, and

15  defraud plaintiff.  Plaintiff has made many request to defendants, and its attorneys to

16  produce the original and actual note, for which it based its claims against plaintiff and

17  plaintiff property. However, neither defendants, nor any its legal representative including,

18  defendants present counsel, are able to produce the note, despite the many administrative
19
    request, and discovery request.  Defendant masqueraded as the holders in due courses, in
20
21  order to collect mortgage payments from the plaintiff for which it is not entitled.

22  **THE TRUSTEE SALE SCAM**

23         Defendants perpetrated trustee's sale scams by sending plaintiff a series of false

24  Unauthorized and fraudulent instruments including **fraudulent Notices of Default** and

25  <u>Notice of Trustee Sale</u>,  and other fraudulent instruments purporting to be foreclosing on a

26  note, and deed of trust for which it had absolutely no such authority. The scam is fully set

27  forth below in the ***fraud section*** of this complaint.

28

PLAINTIFF'S THIRD AMENDED COMPLAINT

## VI. COMPLAINT FOR TRUTH IN LENDING VIOLATIONS

(TRUTH IN LENDING - 15 U.S.C. §1601, ET SEQ)

The previous paragraphs are incorporated herein by reference. It is specifically alleged that defendants have violated 15 U.S.C. §1601, by its fraudulent acts and failure to make  Certain required financial disclosures regarding credit and financial transactions, resulting in dishonesty, trickery, deceit, and a predatory lending tactic designed to conceal the true credit and terms being offered by defendants.

Plaintiff further incorporates by reference, the Fraud Claims contained below in This third amended Complaint which specifically alleges that defendant provided plaintiff with ***Fraudulent*** and ***Conflicting*** Truth in lending statement.

Defendants perpetrated fraud by providing plaintiff with multiple fraudulent Truth in Lending statements, and further by failing to provide plaintiff with the required 3-day Notice of Right to Rescind.

It is specifically alleged that ***NO ACTUAL DISCLOSURES WERE MADE***: as required by governing law, and the information that was given to the plaintiff was false information or untrue information which resulted in no meaningful disclosure made that would enable plaintiff to understand the disclosures that would enable plaintiff to shop around for better credit terms.

Specifically, defendant's Countrywide Home Loans, Inc. and Bank of America have Failed to provide plaintiff with all of the following required disclosures; (a) **Three (3) days Notice of Right to Rescission**, (b) The True Interest rate charged to plaintiff, (c) The true and correct finance charge charged back to the loan, (d) Disclosure of Good Faith Estimates, **and (e) Disclosure Broker Fee charges, (f) Disclosure of a correctly Computed Disclosure** Statement, (g) Disclosure of the correct person or entity that was providing the actual financing of the loan

PLAINTIFF'S THIRD AMENDED COMPLAINT

## VI. COMPLAINT FOR TRUTH IN LENDING VIOLATIONS

(TRUTH IN LENDING - 15 U.S.C. §1601, ET SEQ)

It is specifically alleged herein that the said limited, incomplete disclosure was nothing more than a hoax, and dishonest credit transaction, which resulted in fraud, with no meaning disclosure as required by law.

It is specifically alleged that Defendants violated Regulation Z of the Truth in Lending Act, by failing to provide plaintiff with a Right to Cancel.

The multiple conflicting, incorrectly computed Truth In lending disclosures, resulted in fraud, and ultimately a failure to provide the required disclosures mandated by the federal Truth In Lending Act.

Defendants, by its fraudulent acts, and failure to make certain required financial disclosures regarding credit and financial transactions, have violated the Federal Consumer Credit Protection Act.

Defendants have improperly offered credit sales, to its customers and to the plaintiff, but has failed to adequately disclose cost disclosures in order to assure a meaningful disclosure of the terms of leases of personal property for personal, family, or household purposes so as to enable the plaintiff, and its customers, to compare more readily the various lease terms available or to enable comparison of loan or lease terms with accurate disclosures as required by law.

PLAINTIFF'S THIRD AMENDED COMPLAINT

1  ## VII.   COUNT 2: COMPLAINT FOR FRAUD

2  **MULTIPLE ACTS OF FRAUD (12 COUNTS)**

3

4       During the course of doing business with defendants, these defendants  including

5  Countrywide Home Loans, Inc, BAC Home Loan Servicing, and the other defendants

6  committed at least twelve (12) acts of malicious fraud related to the loan with plaintiff as

7  described on the following pages and herein below.

8       Many of the instruments sent to plaintiff by the defendant Countrywide Home Loans,

9  Inc. and BAC Home Loans, DO NOT reconcile to plaintiff's records, or defendant's record,

10  and these instruments were negligently prepared and forwarded to plaintiff.

11       Plaintiff was wrongfully and fraudulent induced into the transactions, including the

12  loan with defendants based on miscomputed, and fraudulent information that was

13  presented to the plaintiff in different types of instruments.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S THIRD AMENDED COMPLAINT

**FRAUD COUNT #1**

In accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "the circumstances constituting the fraud. shall be stated with particularity the plaintiff hereby specifically alleges the time, place, and contents of these false representations, made by the defendants as well as the identity of the person(s) making these representations, and further what that person(s) obtained thereby." Plaintiff shows the court the following:

**Count 1: Fraud #1** - Fraud Instrument In The Amount of **$22,782.60 dated 3/26/2009.**

**NOTICE OF DEFAULT AND ELECTION TO SELL**

**(See Exhibit "1/A")**

Plaintiff realllege, as if fully set forth herein, each allegation above. Plaintiff alleges that the above instrument dated 3/26/2009 in the amount of $22,782.60 is false, and cannot be supported or the defendants. Further, this false amount is a material misrepresentation made by the defendants because this amount is/was not owed to the defendants as evidenced by defendants own inability to provide a valid reason or support for this charge. This instrument further represents an accounting fraud since the defendants are unable to produce a valid accounting trail, or support as required Generally Accepted Accounting Principles. Defendants and their agents are unable to come forward with valid evidence that plaintiff authorized such amount, and moreover, this amount is exorbitant in nature, and criminally seeks to collect monies and amounts not owed to the defendants.

(a) **Time:** The interval in time or period of duration for which this transaction was falsely created by the defendants occurred between 3/26/2009 and March 27, 2009.

(b) **Place:** The place where this transaction occurred or originated from was at the defendants place of business, where the illegal enterprises operates.

PLAINTIFF'S THIRD AMENDED COMPLAINT

(c) **Content of the False representation:** The content of the false representation included an amount of $22,782.60 which is not owed to the defendants.

(d) **Identity Of Persons Making The Representation:** The identity of the person making these false representations are the defendants, **Countrywide Home Loans/ BAC** and their collections agents, **ReconTrust,** and employees of defendants.

(e) **What That Person Obtained:** The above named person obtained a wrongful financial and unjust accounting and economic advantage in the amount of ***$22,782.60.***

FRAUD #1 – (CONTINUED)

(1). **A Material Misrepresentation:** From its face value, the amount of $22,782.60 herein claimed by defendants is plainly a material representation, because this amount cannot be substantiated by defendants with evidence of plaintiff's agreement and signature. Pursuant to Section 3-5-05 of the Uniformed Commercial Code, plaintiff is not required to pay this amount unless there has been a presentment of a bill and agreement with a signature. Defendants cannot produce any such evidence.

(2). **The Misrepresentation Was False:** As stated, this instrument is false, and can not be legally substantiated by the defendants. This amount cannot be reconciled to the defendant's General Ledger or plaintiff's account. Defendants are further unable to authenticate this instrument.

(3) **This transaction was either known to be false when made, or was asserted without knowledge of it's truth:** This transaction was known to be false by the defendants, Countrywide Home Loan/BAC Home Loan Servicing, plainly knew this transaction was false based on it own records in the previous accounting period(s) that this amount did not exist. Accounting transactions normally carry down from previous periods with valid computation applied toward each. Rather than carry down the correct computed

PLAINTIFF'S THIRD AMENDED COMPLAINT

balance from the previous period regarding this particular G/L account, defendants, and/or

its employees and agents carried down this false amount which simply appeared based on

defendants whim.. Additionally, these defendants knew this instrument was a fraud

because plaintiff informed the defendants of the problem in writing and provided sufficient

time for the correction, which defendant ultimately failed to correct. Plaintiff further alleges

that even if defendants or its employees/agents did not know this transaction to be false,

then, it alleged that this fraudulent instrument and statements regarding it was asserted

without knowledge of its truth because there was no element of mathematical, arithmetic, or

general accounting that would suggest to the defendants that this transaction was in fact

true or that plaintiff had ordered any services or products related to this instrument.

Additionally, there is no valid accounting trace for this transaction that would make any

reasonably person believe that this instrument is valid. Defendant, ReconTrust was aware

on the same premises.

(4). **Which Was Intended To Be Acted Upon:** The defendants named herein intended to

act upon this transaction and did in fact act on this transaction to the very extent they were

attempting to collect a debt related to this fraud, and still claiming this fraudulent amount up

until the filing of this lawsuit.

(5). **Which Was Relied Upon,** Plaintiff relied on this amount contained in this instrument,

because the defendants advised plaintiff that this amount was true, sent forwarded the

instrument to plaintiff, and collection letters to the plaintiff, made payments or other

arrangements based upon the information contained in the said fraudulent instrument..

Defendants continued sending the false amounts and plaintiff initially kept paying or making

efforts to resolve the conflicting instrument based on these false amounts.

PLAINTIFF'S THIRD AMENDED COMPLAINT

1   **(6). The Transaction Caused Injury To The Plaintiff.** The magnitude of this transaction

2   clearly cause injury to the plaintiff because this amount is not owed to the defendants and

3   plaintiff is not required to pay debts which are not owed. The outrageous amount caused

4   plaintiff's entire account to be grossly overstated and completely unrecognizable. Injury was

5   further sustained in the form of accounting fraud, whereby plaintiff's the financial assets

6   estate has been wrongfully converted by a fraudulent instrument in the amount of

7   $22,782.60 which is not really owed to these defendants and agents. The transaction

8

9   further caused injury because on information and belief, these defendants published these

10  fraudulent amounts to credit bureaus and these said fraudulent amounts affected plaintiff

11  debt/equity ratios in a negative and untrue fashion, which ultimately negatively affected

12  plaintiff's ability to secure credit. This transaction further caused mental injuries and undue

13  harassment to the plaintiff because after discovering the fiendish scam, plaintiff's mental

14  states were disturbed to the extent plaintiff became aware of crimes and civil wrongs

15  committed which caused a fear for the future, and plaintiff's livelihood. Further injuries

16

17  resulted due to embezzlement, extortion, and accounting fraud which robbed plaintiff of

18  financial property. Plaintiff further asserts that this instrument represents mail fraud, and a

19  money laundering transaction because the fraudulent instrument was mailed to plaintiff via

20  the United States First Class Mail with a willful and evil intent to take a financial advantage

21  over the plaintiff, and by using monies or credits were illegally obtained through legitimate

22

23  persons or accounts so that its original source cannot be traced, all in violation of 18 USC

24  §1956.

25

26

27

28

1  FRAUD COUNT #2

2  In accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which provides that

3  "the circumstances constituting the fraud shall be stated with particularity the plaintiff

4  hereby specifically alleges the time, place, and contents of these false representations,

5  made by the defendants as well as the identity of the person(s) making these

6  representations, and further what that person(s) obtained thereby."  Plaintiff shows the

7  court the following:

8  **Count 2: Fraud #2 - Fraud Instrument In The Amount of $592,419.00 dated 8/6/2009.**

9  **NOTICE OF TRUSTEE SALE**

10  **(See Exhibit "2/B")**

11

12          Plaintiff realleges, as if fully set forth herein, each allegation above. Plaintiff alleges

13  that the above instrument dated 8/6/2009 in the amount of $592,419.00 is false, and cannot

14  be supported by the defendants. Further, this false amount is a material misrepresentation

15  made by the defendants because this amount is/was not owed to the defendants as

16  evidenced by defendants own inability to provide a valid reason or support for this charge.

17  This instrument further represents an accounting fraud since the defendants are unable to

18  produce a valid accounting trail, or support as required Generally Accepted Accounting

19  Principles. Defendants and their agents are unable to come forward with valid evidence

20  that plaintiff authorized such amount, and moreover, this amount is exorbitant in nature,

21  and criminally seeks to collect monies and amounts not owed to the defendants.

22  (a) **Time:** The interval in time or period of duration for which this transaction was falsely

23  created by the defendants occurred between 8/6/2009 and August 28, 2009.

24  (b) **Place:** The place where this transaction occurred or originated from was at the

25  defendants place of business, where the illegal enterprises operates.

26

27

28

PLAINTIFF'S THIRD AMENDED COMPLAINT

(c) **Content of the False representation:** The content of the false representation included an amount of $592,419.00 which is not owed to the defendants.

(d) **Identity Of Persons Making The Representation:** The identity of the person making these false representations are the defendants Countrywide Home Loans and  BAC Home Loans and their collections agents ReconTrust and employees of defendants..

(e) What That Person Obtained: The above named person obtained a wrongful financial and unjust accounting and economic advantage in the amount of **$592,419.00.**

FRAUD COUNT #2 – *COMMON LAW FRAUD*

(1).  **A Material Misrepresentation:** From its face value, the amount **of $592,419.00** herein claimed by defendants is plainly a material representation, because this amount cannot be substantiated by defendants with evidence of plaintiff's agreement and signature. Pursuant to Section 3-5-05 of the Uniformed Commercial Code, plaintiff is not required to pay this amount unless there has been a presentment of a bill and agreement with a signature. . Defendants cannot produce any such evidence.

(2). **The Misrepresentation Was False:** As stated, this instrument is false, and can not be legally substantiated by the defendants. This amount cannot be reconciled to the defendant's General Ledger or plaintiff's account. Defendants are further unable to authenticate this instrument.

(3) **This transaction was either known to be false when made, or was asserted without knowledge of it's truth:**

This transaction was known to be false by the defendants Countrywide Home Loan inc/ BAC Home Loan Servicing, plainly knew this transaction was false based on it own records in the previous accounting period(s) that this amount did not exist.  Accounting transactions normally carry down from previous periods with valid computation applied toward each.

Rather than carry down the correct computed balance from the previous period regarding this particular G/L account, defendants, and/or its employees and agents carried down this false amount which simply appeared based on defendants whim.. Additionally, these defendants knew this instrument was a fraud because plaintiff informed the defendants of the problem in writing and provided sufficient time for the correction, which defendant ultimately failed to correct. Plaintiff further alleges that even if defendants or its employees/ agents did not know this transaction to be false, then, it alleged that this fraudulent instrument and statements regarding it was asserted without knowledge of its truth because there was no element of mathematical, arithmetic, or general accounting that would suggest to the defendants that this transaction was in fact true or that plaintiff had ordered any services or products related to this instrument. Additionally, there is no valid accounting trace for this transaction that would make any reasonably person believe that this instrument is valid.  Defendant, ReconTrust, was aware on the same premises.

(4). **Which Was Intended To Be Acted Upon:** The defendants named herein intended to act upon this transaction and did in fact act on this transaction to the very extent they were attempting to collect a debt related to this fraud, and still claiming this fraudulent amount up until the filing of this lawsuit.

(5). **Which Was Relied Upon,** Plaintiff relied on this amount contained in this instrument, because the defendants advised plaintiff that this amount was true, sent forwarded the instrument to plaintiff, and collection letters to the plaintiff, made payments or other arrangements based upon the information contained in the said fraudulent instrument.. Defendants continued sending the false amounts and plaintiff initially kept paying or making efforts to resolve the conflicting instrument based on these false amounts.

(6). **The Transaction Caused Injury To The Plaintiff.** The magnitude of this transaction clearly cause injury to the plaintiff because this amount is not owed to the defendants and plaintiff is not required to pay debts which are not owed. The outrageous amount caused plaintiff's entire account to be grossly overstated and completely unrecognizable. Injury was further sustained in the form of accounting fraud, whereby plaintiff's the financial assets estate has been wrongfully converted by a fraudulent instrument in the amount of $592,419.00 which is not really owed to these defendants and agents. The transaction further caused injury because on information and belief, these defendants published these fraudulent amounts to credit bureaus and these said fraudulent amounts affected plaintiff debt/equity ratios in a negative and untrue fashion, which ultimately negatively affected plaintiff's ability to secure credit. This transaction further caused mental injuries and undue harassment to the plaintiff because after discovering the fiendish scam, plaintiff's mental states were disturbed to the extent plaintiff became aware of crimes and civil wrongs committed which caused a fear for the future, and plaintiff's livelihood. Further injuries resulted due to embezzlement, extortion, and accounting fraud which robbed plaintiff of financial property.  Plaintiff further asserts that this instrument represents mail fraud, and a money laundering transaction because the fraudulent instrument was mailed to plaintiff via the United States First Class Mail with a willful and evil intent to take a financial advantage over the plaintiff, and by using monies or credits were illegally obtained through legitimate persons or accounts so that its original source cannot be traced, all in violation of 18 USC §1956.

## FRAUD COUNT #3

In accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "the circumstances constituting the fraud shall be stated with particularity the plaintiff hereby specifically alleges "the time, place, and contents of the these false representations, made by the defendants as well as the identity of the person(s) making these representations, and further what that person(s) obtained thereby.  Plaintiff shows the court the following:

Count 3: Fraud #3 - Fraud Instrument InThe Amount of **$938,485.14** dated 6/23/2007

## TRUTH IN LENDING DISCLOSURES STATEMENT

## (See Exhibit "3/C")

Plaintiff realllege, as if fully set forth herein, each allegation above. Plaintiff alleges that the above instrument dated 6/23/2007 in the amount of $938,485.14 is false, and cannot be supported by the defendants. Further, this false amount is a material misrepresentation made by the defendants because this amount is/was not owed to the defendants as evidenced by defendants own inability to provide a valid reason or support for this charge. This instrument further represents an accounting fraud since the defendants are unable to produce a valid accounting trail, or support as required Generally Accepted Accounting Principles.  Defendants and their agents are unable to come forward with valid evidence that plaintiff authorized such amount, and moreover, this amount is exorbitant in nature, and criminally seeks to collect monies and amounts not owed to the defendants.

(a) **Time:** The interval in time or period of duration for which this transaction was falsely created by the defendants occurred between 6/23/2007 and October 14, 2009.

(b) **Place:** The place where this transaction occurred or originated from was at the defendants place of business, where the illegal enterprises operates.

PLAINTIFF'S THIRD AMENDED COMPLAINT

(c) **Content of the False representation:** The content of the false representation included an amount of $938,485.14 which is not owed to the defendants.

(d) **Identity Of Persons Making The Representation:** The identity of the person making these false representations are the defendants Countrywide & BAC and their collections Agents ReconTrust and employees of defendants..

(e) **What That Person Obtained:** The above named person obtained a wrongful financial and unjust accounting and economic advantage in the amount of $938,485.14.

**FRAUD COUNT 3 – CONTINUED – COMMON LAW FRAUD**

(1). **A Material Misrepresentation:** From its face value, the amount of herein claimed by defendants is plainly a material representation, because this amount cannot be substantiated by defendants with evidence of plaintiff's agreement and signature. Pursuant to Section 3-5-05 of the Uniformed Commercial Code, plaintiff is not required to pay this amount unless there has been a presentment of a bill and agreement with a signature. . Defendants cannot produce any such evidence.

(2). **The Misrepresentation Was False:** As stated, this instrument is false, and can not be legally substantiated by the defendants. This amount cannot be reconciled to the defendant's General Ledger or plaintiff's account. Defendants are further unable to authenticate this instrument.

(3) **This transaction was either known to be false when made, or was asserted without knowledge of it's truth:**

This transaction was known to be false by the defendants Countrywide Home Loans/ BAC Home Loan Servicing plainly knew this transaction was false based on it own records in the previous accounting period(s) that this amount did not exist. Accounting transactions normally carry down from previous periods with valid computation applied toward each.

1  Rather than carry down the correct computed balance from the previous period regarding

2  this particular G/L account, defendants, and/or its employees and agents carried down this

3  false amount which simply appeared based on defendants whim.  Additionally, these

4  defendants knew this instrument was a fraud because plaintiff informed the defendants of

5  the problem in writing and provided sufficient time for the correction, which defendant

6  ultimately failed to correct. Plaintiff further alleges that even if defendants or its employees/

7  agents did not know this transaction to be false, then, it alleged that this fraudulent

8

9  instrument and statements regarding it was asserted without knowledge of its truth because

10  there was no element of mathematical, arithmetic, or general accounting that would

11  suggest to the defendants that this transaction was in fact true or that plaintiff had ordered

12  any services or products related to this instrument. Additionally, there is no valid accounting

13  trace for this transaction that would make any reasonably person believe that this

14  instrument is valid. Defendant, ReconTrust was aware on the same premises.

15

16  (4). **Which Was Intended To Be Acted Upon:** The defendants named herein intended to

17  act upon this transaction and did in fact act on this transaction to the very extent they were

18  attempting to collect a debt related to this fraud, and still claiming this fraudulent amount up

19  until the filing of this lawsuit.

20  (5). **Which Was Relied Upon,** Plaintiff relied on this amount contained in this instrument,

21  because the defendants advised plaintiff that this amount was true, sent forwarded the

22  instrument to plaintiff, and collection letters to the plaintiff, made payments or other

23  arrangements based upon the information contained in the said fraudulent instrument..

24  Defendants continued sending the false amounts and plaintiff initially kept paying or making

25  efforts to resolve the conflicting instrument based on these false amounts.

26

27

28

PLAINTIFF'S THIRD AMENDED COMPLAINT

1   (6). **The Transaction Caused Injury To The Plaintiff.** The magnitude of this transaction

2   clearly cause injury to the plaintiff because this amount is not owed to the defendants and

3   plaintiff is not required to pay debts which are not owed. The outrageous amount caused

4   plaintiff's entire account to be grossly overstated and completely unrecognizable. Injury was

5   further sustained in the form of accounting fraud, whereby plaintiff's the financial assets

6   estate has been wrongfully converted by a fraudulent instrument in the amount of

7
8   $938,485.14 which is not really owed to these defendants and agents. The transaction

9   further caused injury because on information and belief, these defendants published these

10  fraudulent amounts to credit bureaus and these said fraudulent amounts affected plaintiff

11  debt/equity ratios in a negative and untrue fashion, which ultimately negatively affected

12
13  plaintiff's ability to secure credit. This transaction further caused mental injuries and undue

14  harassment to the plaintiff because after discovering the fiendish scam, plaintiff's mental

15  states were disturbed to the extent plaintiff became aware of crimes and civil wrongs

16  committed which caused a fear for the future, and plaintiff's livelihood. Further injuries

17  resulted due to embezzlement, extortion, and accounting fraud which robbed plaintiff of

18  financial property. Plaintiff further asserts that this instrument represents mail fraud, and a

19  money laundering transaction because the fraudulent instrument was mailed to plaintiff via

20  the United States First Class Mail with a willful and evil intent to take a financial advantage

21
22  over the plaintiff, and by using monies or credits were illegally obtained through legitimate

23  persons or accounts so that its original source cannot be traced, all in violation of 18 USC

24  §1956.

25

26

27

28

**FRAUD COUNT #4**

      In accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "the circumstances constituting the fraud shall be stated with particularity the plaintiff hereby specifically alleges the time, place, and contents of these false representations, made by the defendants as well as the identity of the person(s) making these representations, and further what that person(s) obtained thereby." Plaintiff shows the court the following:

**Count 4: Fraud #4 - Fraud Instrument In The Amount of $3,066.21 dated 7/16/2008**

**INTEREST ONLY SCAM – "INTEREST ONLY LOAN MONTHLY STATEMENT"**

**(See Exhibit "4")**

      Plaintiff realleges, as if fully set forth herein, each allegation above. Plaintiff alleges that the above instrument dated 7/16/2008 in the amount of $3,066.21 is false, and cannot be supported by the defendants.  Further, this false amount is a material misrepresentation made by the defendants because this amount is/was not owed to the defendants as evidenced by defendants own inability to provide a valid reason or support for this charge. This instrument further represents an accounting fraud since the defendants are unable to produce a valid accounting trail, or support as required Generally Accepted Accounting Principles. Defendants and their agents are unable to come forward with valid evidence that plaintiff authorized such amount, and moreover, this amount is exorbitant in nature, and criminally seeks to collect monies and amounts not owed to the defendants.

(a) **Time:** The interval in time or period of duration for which this transaction was falsely created by the defendants occurred between 7/16/2008 and August 1, 2008.

(b) **Place:** The place where this transaction occurred or originated from was at the defendants place of business, where the illegal enterprises operates.

(c) **Content of the False representation:** The content of the false representation included an amount of $3,066.21 which is not owed to the defendants.

(d) **Identity Of Persons Making The Representation:** The identity of the person making these false representations are the defendants Countrywide / BAC Home Loans and their collections agents ReconTrust and employees of defendants.

(e) **What That Person Obtained:** The above named person obtained a wrongful financial and unjust accounting and economic advantage in the amount of $3,066.21

**FRAUD COUNT 4 – CONTINUED – COMMON LAW FRAUD**

(1). **A Material Misrepresentation:** From its face value, the amount of $3066.21 herein claimed by defendants is plainly a material representation, because this amount cannot be substantiated by defendants with evidence of plaintiff's agreement and signature. Pursuant to Section 3-5-05 of the Uniformed Commercial Code, plaintiff is not required to pay this amount unless there has been a presentment of a bill and agreement with a signature. . Defendants cannot produce any such evidence.

(2). **The Misrepresentation Was False:** As stated, this instrument is false, and can not be legally substantiated by the defendants. This amount cannot be reconciled to the defendant's General Ledger or plaintiff's account. Defendants are further unable to authenticate this instrument.

(3) **This transaction was either known to be false when made, or was asserted without knowledge of it's truth:** This transaction was known to be false by the defendants Countrywide / BAC Home Loans plainly knew this transaction was false based on it own records in the previous accounting period(s) that this amount did not exist. Accounting transactions normally carry down from previous periods with valid computation applied toward each. Rather than carry down the correct computed balance from the previous

period regarding this particular G/L account, defendants, and/or its employees and agents carried down this false amount which simply appeared based on defendants whim.. Additionally, these defendants knew this instrument was a fraud because plaintiff informed the defendants of the problem in writing and provided sufficient time for the correction, which defendant ultimately failed to correct. Plaintiff further alleges that even if defendants or its employees/agents did not know this transaction to be false, then, it alleged that this fraudulent instrument and statements regarding it was asserted without knowledge of its truth because there was no element of mathematical, arithmetic, or general accounting that would suggest to the defendants that this transaction was in fact true or that plaintiff had ordered any services or products related to this instrument. Additionally, there is no valid accounting trace for this transaction that would make any reasonably person believe that this instrument is valid. Defendant, ReconTrust was aware on the same premises.

(4). **Which Was Intended To Be Acted Upon:** The defendants named herein intended to act upon this transaction and did in fact act on this transaction to the very extent they were attempting to collect a debt related to this fraud, and still claiming this fraudulent amount up until the filing of this lawsuit.

(5). **Which Was Relied Upon,** Plaintiff relied on this amount contained in this instrument, because the defendants advised plaintiff that this amount was true, sent forwarded the instrument to plaintiff, and collection letters to the plaintiff, made payments or other arrangements based upon the information contained in the said fraudulent instrument.. Defendants continued sending the false amounts and plaintiff initially kept paying or making efforts to resolve the conflicting instrument based on these false amounts.

(6). **The Transaction Caused Injury To The Plaintiff.** The magnitude of this transaction clearly cause injury to the plaintiff because this amount is not owed to the defendants and

PLAINTIFF'S THIRD AMENDED COMPLAINT

plaintiff is not required to pay debts which are not owed. The outrageous amount caused plaintiff's entire account to be grossly overstated and completely unrecognizable. Injury was further sustained in the form of accounting fraud, whereby plaintiff's the financial assets estate has been wrongfully converted by a fraudulent instrument in the amount of $3,066.21 which is not really owed to these defendants and agents. The transaction further caused injury because on information and belief, these defendants published these fraudulent amounts to credit bureaus and these said fraudulent amounts affected plaintiff debt/equity ratios in a negative and untrue fashion, which ultimately negatively affected plaintiff's ability to secure credit. This transaction further caused mental injuries and undue harassment to the plaintiff because after discovering the fiendish scam, plaintiff's mental states were disturbed to the extent plaintiff became aware of crimes and civil wrongs committed which caused a fear for the future, and plaintiff's livelihood. Further injuries resulted due to embezzlement, extortion, and accounting fraud which robbed plaintiff of financial property. Plaintiff further asserts that this instrument represents mail fraud, and a money laundering transaction because the fraudulent instrument was mailed to plaintiff via the United States First Class Mail with a willful and evil intent to take a financial advantage over the plaintiff, and by using monies or credits were illegally obtained through legitimate persons or accounts so that its original source cannot be traced, all in violation of 18 USC §1956.

PLAINTIFF'S THIRD AMENDED COMPLAINT

FRAUD COUNT #5

In accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "the circumstances constituting the fraud. shall be stated with particularity the plaintiff hereby specifically alleges "the time, place, and contents of the these false representations, made by the defendants as well as the identity of the person(s) making these representations, and further what that person(s) obtained thereby. Plaintiff shows the court the following:

**Count 5: Fraud #5 - Fraud Instrument In The Amount of $3,219.51 dated 8/25/2008.**

**INTEREST ONLY SCAM – "INTEREST ONLY LOAN MONTHLY STATEMENT"**

**(See Exhibit "5")**

Plaintiff realleges, as if fully set forth herein, each allegation above. Plaintiff alleges that the above instrument dated 8/25/208 in the amount of $3,219.51 is false, and cannot be supported by the defendants.  Further, this false amount is a material misrepresentation made by the defendants because this amount is/was NOT owed to the defendants as evidenced by defendants own inability to provide a valid reason or support for this charge. This instrument further represents an accounting fraud since the defendants are unable to produce a valid accounting trail, or support as required Generally Accepted Accounting Principles. Defendants and their agents are unable to come forward with valid evidence that plaintiff authorized such amount, and moreover, this amount is exorbitant in nature, and criminally seeks to collect monies and amounts not owed to the defendants.

(a) **Time:** The interval in time or period of duration for which this transaction was falsely created by the defendants occurred between 8/25/2008 and September 1, 2008.

(b) **Place:** The place where this transaction occurred or originated from was at the defendants place of business, where the illegal enterprises operates.

(c) **Content of the False representation:** The content of the false representation included an amount of $3,219.51 which is not owed to the defendants.

(d) **Identity Of Persons Making The Representation:** The identity of the person making these false representations are the defendants, Countrywide/ BAC and their collections agents ReconTrust and employees of defendants..

(e) **What That Person Obtained:** The above named person obtained a wrongful financial and unjust accounting and economic advantage in the amount of $3,219.51.

**FRAUD COUNT #5 – COMMON LAW FRAUD**

(1). **A Material Misrepresentation:** From its face value, the amount of $3,219.51 herein claimed by defendants is plainly a material representation, because this amount cannot be substantiated by defendants with evidence of plaintiff's agreement and signature. Pursuant to Section 3-5-05 of the Uniformed Commercial Code, plaintiff is not required to pay this amount unless there has been a presentment of a bill and agreement with a signature. . Defendants cannot produce any such evidence.

(2). **The Misrepresentation Was False:** As stated, this instrument is false, and can not be legally substantiated by the defendants. This amount cannot be reconciled to the defendant's General Ledger or plaintiff's account. Defendants are further unable to authenticate this instrument.

(3) **This transaction was either known to be false when made, or was asserted without knowledge of it's truth:** This transaction was known to be false by the defendants Countrywide / BAC Home Loans plainly knew this transaction was false based on it own records in the previous accounting period(s) that this amount did not exist. Accounting transactions normally carry down from previous periods with valid computation applied toward each. Rather than carry down the correct computed balance from the

previous period regarding this particular G/L account, defendants, and/or its employees and agents carried down this false amount which simply appeared based on defendants whim.. Additionally, these defendants knew this instrument was a fraud because plaintiff informed the defendants of the problem in writing and provided sufficient time for the correction, which defendant ultimately failed to correct. Plaintiff further alleges that even if defendants or its employees/agents did not know this transaction to be false, then, it alleged that this fraudulent instrument and statements regarding it was asserted without knowledge of its truth because there was no element of mathematical, arithmetic, or general accounting that would suggest to the defendants that this transaction was in fact true or that plaintiff had ordered any services or products related to this instrument. Additionally,

there is no valid accounting trace for this transaction that would make any reasonably person believe that this instrument is valid.  Defendant, ReconTrust was aware on the same premises.

(4). **Which Was Intended To Be Acted Upon:** The defendants named herein intended to act upon this transaction and did in fact act on this transaction to the very extent they were attempting to collect a debt related to this fraud, and still claiming this fraudulent amount up until the filing of this lawsuit.

(5). **Which Was Relied Upon,** Plaintiff relied on this amount contained in this instrument, because the defendants advised plaintiff that this amount was true, sent forwarded the instrument to plaintiff, and collection letters to the plaintiff, made payments or other arrangements based upon the information contained in the said fraudulent instrument.. Defendants continued sending the false amounts and plaintiff initially kept paying or making efforts to resolve the conflicting instrument based on these false amounts.

PLAINTIFF'S THIRD AMENDED COMPLAINT

(6). **The Transaction Caused Injury To The Plaintiff.** The magnitude of this transaction clearly cause injury to the plaintiff because this amount is not owed to the defendants and plaintiff is not required to pay debts which are not owed. The outrageous amount caused plaintiff's entire account to be grossly overstated and completely unrecognizable. Injury was further sustained in the form of accounting fraud, whereby plaintiff's the financial assets estate has been wrongfully converted by a fraudulent instrument in the amount of $3,219.51 which is not really owed to these defendants and agents. The transaction further caused injury because on information and belief, these defendants published these fraudulent amounts to credit bureaus and these said fraudulent amounts affected plaintiff debt/equity ratios in a negative and untrue fashion, which ultimately negatively affected plaintiff's ability to secure credit. This transaction further caused mental injuries and undue harassment to the plaintiff because after discovering the fiendish scam, plaintiff's mental states were disturbed to the extent plaintiff became aware  of crimes and civil wrongs committed which caused a fear for the future, and plaintiff's livelihood. Further injuries resulted due to embezzlement, extortion, and accounting fraud which robbed plaintiff of financial property. Plaintiff further asserts that this instrument represents mail fraud, and a money laundering transaction because the fraudulent instrument was mailed to plaintiff via the United States First Class Mailwith a willful and evil intent to take a financial advantage over the plaintiff, and by using monies or credits were illegally obtained through legitimate persons or accounts so that its original source cannot be traced, all in violation of 18 USC §1956.

**FRAUD COUNT #6**

In accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which provides that the circumstances constituting the fraud shall be stated with particularity the plaintiff hereby specifically alleges "the time, place, and contents of the these false representations, made by the defendants as well as the identity of the person(s) making these representations, and further what that person(s) obtained thereby.  Plaintiff shows the court the following:

**Count 6: Fraud #6 - Fraud Instrument In The Amount of $3,372.83 dated 9/29/2008**

**INTEREST ONLY SCAM – "INTEREST ONLY LOAN STATEMENT"**

**(See Exhibit "6")**

Plaintiff realleges, as if fully set forth herein, each allegation above. Plaintiff alleges that the above instrument dated 9/29/2008 in the amount of $3,372.83 is false, and cannot be supported by the defendants.  Further, this false amount is a material misrepresentation made by the defendants because this amount is/was NOT owed to the defendants as evidenced by defendants own inability to provide a valid reason or support for this charge. This instrument further represents an accounting fraud since the defendants are unable to produce a valid accounting trail, or support as required Generally Accepted Accounting Principles. Defendants and their agents are unable to come forward with valid evidence that plaintiff authorized such amount, and moreover, this amount is exorbitant in nature, and criminally seeks to collect monies and amounts not owed to the defendants.

(a) **Time:** The interval in time or period of duration for which this transaction was falsely created by the defendants occurred between 9/29/2008 and October 1, 2008.

(b) **Place:** The place where this transaction occurred or originated from was at the defendants place of business, where the illegal enterprises operates.

(c) **Content of the False representation:** The content of the false representation included an amount of $3,372.83 which is not owed to the defendants.

(d) **Identity Of Persons Making The Representation:** The identity of the person making these false representations are the defendants, Countrywide and BAC Home Loans and their collections agents ReconTrust and employees of defendants.

(e) **What That Person Obtained:** The above named person obtained a wrongful financial and unjust accounting and economic advantage in the amount of $3,372.83

(1). **A Material Misrepresentation:** From its face value, the amount of herein claimed by defendants is plainly a material representation, because this amount cannot be substantiated by defendants with evidence of plaintiff's agreement and signature. Pursuant to Section 3-5-05 of the Uniformed Commercial Code, plaintiff is not required to pay this amount unless there has been a presentment of a bill and agreement with a signature. . Defendants cannot produce any such evidence.

(2). **The Misrepresentation Was False:** As stated, this instrument is false, and can not be legally substantiated by the defendants. This amount cannot be reconciled to the defendant's General Ledger or plaintiff's account. Defendants are further unable to authenticate this instrument.

(3) **This transaction was either known to be false when made, or was asserted without knowledge of it's truth:** This transaction was known to be false by the defendants, Countrywide /BAC Home Loans plainly knew this transaction was false based on it own records in the previous accounting period(s) that this amount did not exist. Accounting transactions normally carry down from previous periods with valid computation applied toward each. Rather than carry down the correct computed balance from the previous period regarding this particular G/L account, defendants, and/or its employees and

agents carried down this false amount which simply appeared based on defendants whim..

Additionally, these defendants knew this instrument was a fraud because plaintiff informed

the defendants of the problem in writing and provided sufficient time for the correction,

which defendant ultimately failed to correct. Plaintiff further alleges that even if defendants

or its employees/agents did not know this transaction to be false, then, it alleged that this

fraudulent instrument and statements regarding it was asserted without knowledge of its

truth because there was no element of mathematical, arithmetic, or general accounting that

would suggest to the defendants that this transaction was in fact true or that plaintiff had

ordered any services or products related to this instrument. Additionally, there is no valid

accounting trace for this transaction that would make any reasonably person believe that

this instrument is valid. Defendant, ReconTrust, was aware on the same premises.

(4). **Which Was Intended To Be Acted Upon:** The defendants named herein intended to

act upon this transaction and did in fact act on this transaction to the very extent they were

attempting to collect a debt related to this fraud, and still claiming this fraudulent amount up

until the filing of this lawsuit.

(5). **Which Was Relied Upon,** Plaintiff relied on this amount contained in this instrument,

because the defendants advised plaintiff that this amount was true, sent forwarded the

instrument to plaintiff, and collection letters to the plaintiff, made payments or other

arrangements based upon the information contained in the said fraudulent instrument..

Defendants continued sending the false amounts and plaintiff initially kept paying or making

efforts to resolve the conflicting instrument based on these false amounts.

(6). **The Transaction Caused Injury To The Plaintiff.** The magnitude of this transaction

clearly cause injury to the plaintiff because this amount is not owed to the defendants and

plaintiff is not required to pay debts which are not owed. The outrageous amount caused

plaintiff's entire account to be grossly overstated and completely unrecognizable. Injury was further sustained in the form of accounting fraud, whereby plaintiff's the financial assets estate has been wrongfully converted by a fraudulent instrument in the amount of $3,372.83 which is not really owed to these defendants and agents. The transaction further caused injury because on information and belief, these defendants published these fraudulent amounts to credit bureaus and these said fraudulent amounts affected plaintiff debt/equity ratios in a negative and untrue fashion, which ultimately negatively affected plaintiff's ability to secure credit. This transaction further caused mental injuries and undue harassment to the plaintiff because after discovering the fiendish scam, plaintiff's mental states were disturbed to the extent plaintiff became aware of crimes and civil wrongs committed which caused a fear for the future, and plaintiff's livelihood. Further injuries resulted due to embezzlement, extortion, and accounting fraud which robbed plaintiff of financial property. Plaintiff further asserts that this instrument represents mail fraud, and a money laundering transaction because the fraudulent instrument was mailed to plaintiff via the United States First Class Mail with a willful and evil intent to take a financial advantage over the plaintiff, and by using monies or credits were illegally obtained through legitimate persons or accounts so that its original source cannot be traced, all in violation of 18 USC §1956.

PLAINTIFF'S THIRD AMENDED COMPLAINT

1    FRAUD COUNT #7

2        In accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which provides

3    that "the circumstances constituting the fraud. shall be stated with particularity the plaintiff

4    hereby specifically alleges "the time, place, and contents of the these false representations,

5    made by thedefendants as well as the identity of the person(s) making these

6    representations, and further what that person(s) obtained thereby. Plaintiff shows the court

7    the following:

8

9    Count 7: Fraud #7 - Fraud Instrument In The Amount of $3,372.24 dated 10/17/2008

10   INTEREST ONLY SCAM – "INTEREST ONLY LOAN MONTHLY STATEMENT"

11   (See Exhibit "7")

12       Plaintiff realleges, as if fully set forth herein, each allegation above. Plaintiff alleges

13   that the above instrument dated in the amount of is false, and cannot be supported by the

14   defendants. Further, this false amount is a material misrepresentation made by the

15   defendants because this amount is/was NOT owed to the defendants as evidenced by

16   defendants own inability to provide a valid reason or support for this charge. This

17   instrument further represents an accounting fraud since the defendants are unable to

18   produce a valid accounting trail, or support as required Generally Accepted Accounting

19   Principles. Defendants and their agents are unable to come forward with valid evidence

20   that plaintiff authorized such amount, and moreover, this amount is exorbitant in nature,

21   and criminally seeks to collect monies and amounts not owed to the defendants.

22   (a) **Time:** The interval in time or period of duration for which this transaction was falsely

23   created by the defendants occurred between 10/17/2008 and November 1, 2008.

24   (b) **Place:** The place where this transaction occurred or originated from was at the

25   defendants place of business, where the illegal enterprises operates.

26
27
28

(c) **Content of the False representation:** The content of the false representation included an amount of $3,372.24 which is not owed to the defendants.

(d) **Identity Of Persons Making The Representation:** The identity of the person making these false representations are the defendants Countrywide and BAC and their collections agents ReconTrust and employees of defendants..

(e) **What That Person Obtained**: The above named person obtained a wrongful financial and unjust accounting and economic advantage in the amount of $3,372.24.

**FRAUD COUNT 7 – COMMON LAW FRAUD**

(1). **A Material Misrepresentation:** From its face value, the amount of $3,372.24 herein claimed by defendants is plainly a material representation, because this amount cannot be substantiated by defendants with evidence of plaintiff's agreement and signature. Pursuant to Section 3-5-05 of the Uniformed Commercial Code, plaintiff is not required to pay this amount unless there has been a presentment of a bill and agreement with a signature. . Defendants cannot produce any such evidence.

(2). **The Misrepresentation Was False:** As stated, this instrument is false, and can not be legally substantiated by the defendants. This amount cannot be reconciled to the defendant's General Ledger or plaintiff's account. Defendants are further unable to authenticate this instrument.

(3) **This transaction was either known to be false when made, or was asserted without knowledge of it's truth:** This transaction was known to be false by the defendants, Countrywide/ BAC Home Loans plainly knew this transaction was false based on it own records in the previous accounting period(s) that this amount did not exist. Accounting transactions normally carry down from previous periods with valid computation applied toward each. Rather than carry down the correct computed balance from the

previous period regarding this particular G/L account, defendants, and/or its employees and agents carried down this false amount which simply appeared based on defendants whim.. Additionally, these defendants knew this instrument was a fraud because plaintiff informed the defendants of the problem in writing and provided sufficient time for the correction, which defendant ultimately failed to correct. Plaintiff further alleges that even if defendants or its employees/agents did not know this transaction to be false, then, it alleged that this fraudulent instrument and statements regarding it was asserted without knowledge of its truth because there was no element of mathematical, arithmetic, or general accounting that would suggest to the defendants that this transaction was in fact true or that plaintiff had ordered any services or products related to this instrument. Additionally, there is no valid accounting trace for this transaction that would make any reasonably person believe that this instrument is valid. Defendant, ReconTrust, was aware on the same premises.

(4). **Which Was Intended To Be Acted Upon:** The defendants named herein intended to act upon this transaction and did in fact act on this transaction to the very extent they were attempting to collect a debt related to this fraud, and still claiming this fraudulent amount up until the filing of this lawsuit.

(5). **Which Was Relied Upon,** Plaintiff relied on this amount contained in this instrument, because the defendants advised plaintiff that this amount was true, sent forwarded the instrument to plaintiff, and collection letters to the plaintiff, made payments or other arrangements based upon the information contained in the said fraudulent instrument.. Defendants continued sending the false amounts and plaintiff initially kept paying or making efforts to resolve the conflicting instrument based on these false amounts.

(6). **The Transaction Caused Injury To The Plaintiff.** The magnitude of this transaction clearly cause injury to the plaintiff because this amount is not owed to the defendants and

PLAINTIFF'S THIRD AMENDED COMPLAINT

plaintiff is not required to pay debts which are not owed. The outrageous amount caused plaintiff's entire account to be grossly overstated and completely unrecognizable. Injury was further sustained in the form of accounting fraud, whereby plaintiff's the financial assets estate has been wrongfully converted by a fraudulent instrument in the amount of $3,372.24 which is not really owed to these defendants and agents. The transaction further caused injury because on information and belief, these defendants published these fraudulent amounts to credit bureaus and these said fraudulent amounts affected plaintiff debt/equity ratios in a negative and untrue fashion, which ultimately negatively affected plaintiff's ability to secure credit. This transaction further caused mental injuries and undue harassment to the plaintiff because after discovering the fiendish scam, plaintiff's mental states were disturbed to the extent plaintiff became aware of crimes and civil wrongs committed which caused a fear for the future, and plaintiff's livelihood. Further injuries resulted due to embezzlement, extortion, and accounting fraud which robbed plaintiff of financial property. Plaintiff further asserts that this instrument represents mail fraud, and a money laundering transaction because the fraudulent instrument was mailed to plaintiff via the United States First Class Mail with a willful and evil intent to take a financial advantage over the plaintiff, and by using monies or credits were illegally obtained through legitimate persons or accounts so that its original source cannot be traced, all in violation of 18 USC §1956.

FRAUD COUNT #8

In accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "the circumstances constituting the fraud. shall be stated with particularity the plaintiff hereby specifically alleges "the time, place, and contents of the these false representations, made by the defendants as well as the identity of the person(s) making these representations, and further what that person(s) obtained thereby. Plaintiff shows the court the following:

**Count 8: Fraud #8 - Fraud Instrument In The Amount of $545,102.51 dated 11/26/2008**

**INTEREST ONLY SCAM – "INTEREST ONLY LOAN MONTHLY STATEMENT"**

**(See Exhibit "8")**

Plaintiff reallege, as if fully set forth herein, each allegation above. Plaintiff alleges that the above instrument dated 11/25/2008 in the amount of $545,102.51 is false, and cannot be supported by the defendants.  Further, this false amount is a material misrepresentation made by the defendants because this amount is/was NOT owed to the defendants as evidenced by defendants own inability to provide a valid reason or support for this charge. This instrument further represents an accounting fraud since the defendants are unable to produce a valid accounting trail, or support as required Generally Accepted Accounting Principles. Defendants and their agents are unable to come forward with valid evidence that plaintiff authorized such amount, and moreover, this amount is exorbitant in nature, and criminally seeks to collect monies and amounts not owed to the defendants.

(a) **Time:** The interval in time or period of duration for which this transaction was falsely created by the defendants occurred between 11/26/2008 and December 1, 2008.

(b) **Place:** The place where this transaction occurred or originated from was at the defendants place of business, where the illegal enterprises operates.

PLAINTIFF'S THIRD AMENDED COMPLAINT

(c) **Content of the False representation:** The content of the false representation included an amount of $545,102.51 which is not owed to the defendants.

(d) **Identity Of Persons Making The Representation:** The identity of the person making these false representations are the defendants Countrywide and BAC Home Loans and their collections agents ReconTrust and employees of defendants..

(e) **What That Person Obtained:** The above named person obtained a wrongful financial and unjust accounting and economic advantage in the amount of $545,102.51.

(1). **A Material Misrepresentation:** From its face value, the amount of herein claimed by defendants is plainly a material representation, because this amount cannot be substantiated by defendants with evidence of plaintiff's agreement and signature. Pursuant to Section 3-5-05 of the Uniformed Commercial Code, plaintiff is not required to pay this amount unless there has been a presentment of a bill and agreement with a signature. . Defendants cannot produce any such evidence.

(2). **The Misrepresentation Was False:** As stated, this instrument is false, and can not be legally substantiated by the defendants. This amount cannot be reconciled to the defendant's General Ledger or plaintiff's account. Defendants are further unable to authenticate this instrument.

(3) **This transaction was either known to be false when made, or was asserted without knowledge of it's truth:** This transaction was known to be false by the defendants Countrywide /BAC Home Loans plainly knew this transaction was false based on it own records in the previous accounting period(s) that this amount did not exist.  Accounting transactions normally carry down from previous periods with valid computation applied toward each. Rather than carry down the correct computed balance from the previous period regarding this particular G/L account, defendants, and/or its employees and agents

carried down this false amount which simply appeared based on defendants whim.

Additionally, these defendants knew this instrument was a fraud because plaintiff informed the defendants of the problem in writing and provided sufficient time for the correction, which defendant ultimately failed to correct. Plaintiff further alleges that even if defendants or its employees/agents did not know this transaction to be false, then, it alleged that this fraudulent instrument and statements regarding it was asserted without knowledge of its truth because there was no element of mathematical, arithmetic, or general accounting that would suggest to the defendants that this transaction was in fact true or that plaintiff had ordered any services or products related to this instrument. Additionally, there is no valid accounting trace for this transaction that would make any reasonably person believe that this instrument is valid. Defendant, ReconTrust, was aware on the same premises.

(4). **Which Was Intended To Be Acted Upon:** The defendants named herein intended to act upon this transaction and did in fact act on this transaction to the very extent they were attempting to collect a debt related to this fraud, and still claiming this fraudulent amount up until the filing of this lawsuit.

(5). **Which Was Relied Upon,** Plaintiff relied on this amount contained in this instrument, because the defendants advised plaintiff that this amount was true, sent forwarded the instrument to plaintiff, and collection letters to the plaintiff, made payments or other arrangements based upon the information contained in the said fraudulent instrument.. Defendants continued sending the false amounts and plaintiff initially kept paying or making efforts to resolve the conflicting instrument based on these false amounts.

(6). **The Transaction Caused Injury To The Plaintiff.** The magnitude of this transaction clearly cause injury to the plaintiff because this amount is not owed to the defendants and plaintiff is not required to pay debts which are not owed. The outrageous amount caused

PLAINTIFF'S THIRD AMENDED COMPLAINT

plaintiff's entire account to be grossly overstated and completely unrecognizable. Injury was further sustained in the form of accounting fraud, whereby plaintiff's the financial assets estate has been wrongfully converted by a fraudulent instrument in the amount of $545,102.51 which is not really owed to these defendants and agents. The transaction further caused injury because on information and belief, these defendants published these fraudulent amounts to credit bureaus and these said fraudulent amounts affected plaintiff debt/equity ratios in a negative and untrue fashion, which ultimately negatively affected plaintiff's ability to secure credit. This transaction further caused mental injuries and undue harassment to the plaintiff because after discovering the fiendish scam, plaintiff's mental states were disturbed to the extent plaintiff became aware of crimes and civil wrongs committed which caused a fear for the future, and plaintiff's livelihood. Further injuries resulted due to embezzlement, extortion, and accounting fraud which robbed plaintiff of financial property. Plaintiff further asserts that this instrument represents mail fraud, and a money laundering transaction because the fraudulent instrument was mailed to plaintiff via the United States First Class Mail with a willful and evil intent to take a financial advantage over the plaintiff, and by using monies or credits were illegally obtained through legitimate persons or accounts so that its original source cannot be traced, all in violation of 18 USC §1956.

<u>**FRAUD COUNT #9**</u>

In accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "the circumstances constituting the fraud. shall be stated with particularity the plaintiff hereby specifically alleges "the time, place, and contents of the these false representations, made by the defendants as well as the identity of the person(s) making these representations, and further what that person(s) obtained thereby. Plaintiff shows the court the following:

**Count 9: Fraud #9 - Fraud Instrument In The Amount of $545,102.51 dated 12/31/2008.**

**<u>INTEREST ONLY SCAM – "INTEREST ONLY LOAN MONTHLY STATEMENT"</u>**

**(See Exhibit "9")**

Plaintiff reallege, as if fully set forth herein, each allegation above. Plaintiff alleges that the above instrument dated 12/31/2008 in the amount of $545,102.51 is false, and cannot be supported by the defendants.  Further, this false amount is a material misrepresentation made by the defendants because this amount is/was NOT owed to the defendants as evidenced by defendants own inability to provide a valid reason or support for this charge. This instrument further represents an accounting fraud since the defendants are unable to produce a valid accounting trail, or support as required Generally Accepted Accounting Principles. Defendants and their agents are unable to come forward with valid evidence that plaintiff authorized such amount, and moreover, this amount is exorbitant in nature, and criminally seeks to collect monies and amounts not owed to the defendants.

(a) <u>**Time:**</u> The interval in time or period of duration for which this transaction was falsely created by the defendants occurred between 12/31/2008 and January 1, 2009.

(b) <u>**Place:**</u> The place where this transaction occurred or originated from was at the defendants place of business, where the illegal enterprises operates.

PLAINTIFF'S THIRD AMENDED COMPLAINT

(c) **Content of the False representation:** The content of the false representation included an amount of $545,102.51 which is not owed to the defendants.

(d) **Identity Of Persons Making The Representation:** The identity of the person making these false representations are the defendants Countrywide and BAC Home Loans and their collections Agents ReconTrust and employees of defendants..

(e) **What That Person Obtained:** The above named person obtained a wrongful financial and unjust accounting and economic advantage in the amount of $545,102.51

(1). **A Material Misrepresentation:** From its face value, the amount of $545,102.51 herein claimed by defendants is plainly a material representation, because this amount cannot be substantiated by defendants with evidence of plaintiff's agreement and signature. Pursuant to Section 3-5-05 of the Uniformed Commercial Code, plaintiff is not required to pay this amount unless there has been a presentment of a bill and agreement with a signature. . Defendants cannot produce any such evidence.

(2). **The Misrepresentation Was False:** As stated, this instrument is false, and can not be legally substantiated by the defendants. This amount cannot be reconciled to the defendant's General Ledger or plaintiff's account. Defendants are further unable to authenticate this instrument.

(3) **This transaction was either known to be false when made, or was asserted without knowledge of it's truth:** This transaction was known to be false by the defendants Countrywide/ BAC Home Loans plainly knew this transaction was false based on it own records in the previous accounting period(s) that this amount did not exist. Accounting transactions normally carry down from previous periods with valid computation applied toward each. Rather than carry down the correct computed balance from the previous period regarding this particular G/L account, defendants, and/or its

employees and agents carried down this false amount which simply appeared based on defendants whim.. Additionally, these defendants knew this instrument was a fraud because plaintiff informed the defendants of the problem in writing and provided sufficient time for the correction, which defendant ultimately failed to correct. Plaintiff further alleges that even if defendants or its employees/agents did not know this transaction to be false, then, it alleged that this fraudulent instrument and statements regarding it was asserted without knowledge of its truth because there was no element of mathematical, arithmetic, or general accounting that would suggest to the defendants that this transaction was in fact true or that plaintiff had ordered any services or products related to this instrument. Additionally, there is no valid accounting trace for this transaction that would make any reasonably person believe that this instrument is valid. Defendant, ReconTrust, was aware on the same premises.

(4). **Which Was Intended To Be Acted Upon:** The defendants named herein intended to act upon this transaction and did in fact act on this transaction to the very extent they were attempting to collect a debt related to this fraud, and still claiming this fraudulent amount up until the filing of this lawsuit.

(5). **Which Was Relied Upon,** Plaintiff relied on this amount contained in this instrument, because the defendants advised plaintiff that this amount was true, sent forwarded the instrument to plaintiff, and collection letters to the plaintiff, made payments or other arrangements based upon the information contained in the said fraudulent instrument.. Defendants continued sending the false amounts and plaintiff initially kept paying or making efforts to resolve the conflicting instrument based on these false amounts.

(6**). The Transaction Caused Injury To The Plaintiff.** The magnitude of this transaction clearly cause injury to the plaintiff because this amount is not owed to the defendants and

PLAINTIFF'S THIRD AMENDED COMPLAINT

plaintiff is not required to pay debts which are not owed. The outrageous amount caused plaintiff's entire account to be grossly overstated and completely unrecognizable. Injury was further sustained in the form of accounting fraud, whereby plaintiff's the financial assets estate has been wrongfully converted by a fraudulent instrument in the amount of $545,102.51 which is not really owed to these defendants and agents. The transaction further caused injury because on information and belief, these defendants published these fraudulent amounts to credit bureaus and these said fraudulent amounts affected plaintiff debt/equity ratios in a negative and untrue fashion, which ultimately negatively affected plaintiff's ability to secure credit. This transaction further caused mental injuries and undue harassment to the plaintiff because after discovering the fiendish scam, plaintiff's mental states were disturbed to the extent plaintiff became aware of crimes and civil wrongs committed which caused a fear for the future, and plaintiff's livelihood. Further injuries resulted due to embezzlement, extortion, and accounting fraud which robbed plaintiff of financial property. Plaintiff further asserts that this instrument represents mail fraud, and a money laundering transaction because the fraudulent instrument was mailed to plaintiff via the United States First Class Mail with a willful and evil intent to take a financial advantage over the plaintiff, and by using monies or credits were illegally obtained through legitimate persons or accounts so that its original source cannot be traced, all in violation of 18 USC §1956.

PLAINTIFF'S THIRD AMENDED COMPLAINT

FRAUD COUNT #10

In accordance with Rule 9(b) of the Federal Rules of Civil Procedure, which provides that "the circumstances constituting the fraud. shall be stated with particularity the plaintiff hereby specifically alleges "the time, place, and contents of the these false representations, made by the defendants as well as the identity of the person(s) making these representations, and further what that person(s) obtained thereby. Plaintiff shows the court the following:

**Count 10: Fraud #10 - Fraud Instrument In The Amount of $3,466.20 dated 1/29/2009**

**INTEREST ONLY SCAM – "INTEREST ONLY LOAN MONTHLY STATEMENT"**

**(See Exhibit "10")**

Plaintiff reallege, as if fully set forth herein, each allegation above. Plaintiff alleges that the above instrument dated 1/29/2009 in the amount of $3,466.20 is false, and cannot be supported by the defendants. Further, this false amount is a material misrepresentation made by the defendants because this amount is/was NOT owed to the defendants as evidenced by defendants own inability to provide a valid reason or support for this charge. This instrument further represents an accounting fraud since the defendants are unable to produce a valid accounting trail, or support as required Generally Accepted Accounting Principles. Defendants and their agents are unable to come forward with valid evidence that plaintiff authorized such amount, and moreover, this amount is exorbitant in nature, and criminally seeks to collect monies and amounts not owed to the defendants.

(a) **Time:** The interval in time or period of duration for which this transaction was falsely created by the defendants occurred between January 29, 2009 and February 1, 2009.

(b) **Place:** The place where this transaction occurred or originated from was at the defendants place of business, where the illegal enterprises operates.

PLAINTIFF'S THIRD AMENDED COMPLAINT