```
 1                    UNITED STATES DISTRICT COURT

 2                   CENTRAL DISTRICT OF CALIFORNIA

 3                          WESTERN DIVISION

 4             THE HON. GEORGE H. WU, JUDGE PRESIDING

 5

 6   VIEN-PHUONG THI HO,              )
                                      )
 7                  Plaintiff,        )
                                      )
 8          vs.                       ) No. CV 10-741-GW(SSx)
                                      )
 9   COUNTYWIDE HOME LOANS, INC./BANK )
     OF AMERICA HOME LOANS, et al.,   )
10                                    )
                    Defendants.       )
11   _____)

12

13

14               REPORTER'S TRANSCRIPT ON APPEAL

15                  MOTION TO DISMISS HEARING

16

17                     Los Angeles, California

18             Thursday, October 21, 2010; 9:49 A.M.

19

20

21

22

23               Wil S. Wilcox, CSR 9178
              Official U.S. District Court Reporter
24              312 North Spring Street, # 432-A
                  Los Angeles, California 90012
25                   Phone: (213) 290-2849
```

Thursday, October 21, 2010; 9:49 A.M.

```
 1   APPEARANCES OF COUNSEL:

 2

     FOR THE PLAINTIFF:    BY: VIEN-PHUONG THI HO
 3                         In Propria Persona
                           2620 Fashion Avenue
 4                         Long Beach, CA 90810
                           562-715-6618
 5

 6   FOR THE DEFENDANTS: REED SMITH LLP
                         BY: THUY N. TRAN
 7                       Attorney at Law
                         355 South Grand Avenue Suite 2900
 8                       Los Angeles, CA 90071
                         213-457-8000
 9                       Fax: 213-457-8080
                         Email: ttran@reedsmith.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

Thursday, October 21, 2010; 9:49 A.M.

```
 1       LOS ANGELES, CA.; THURSDAY, OCTOBER 21, 2010; 9:49 A.M.
 2                              -oOo-
 3            THE COURT:  All right.  Let me call the matter of
 4   Ho versus Countrywide.
 5            MS. TRAN:  Good morning, Your Honor, Thuy Tran for
 6   defendants Countrywide Home Loans, VAC Home Loan Servicing
 7   and ReconTrust.
 8            THE COURT:  All right.
 9            MS. HO:  Good morning, Your Honor.  I'm
10   Vien-Phuong Thi Ho representing myself.
11            THE COURT:  All right. At this point in time both
12   sides saw the court's tentative and read it?
13            MS. TRAN:  Yes, Your Honor.
14            THE COURT:  All right.  Is that true, Ms. Ho?
15            MS. HO:  Yes.  I saw it.  The court ruled
16   differently in the April with the same claim.  And then they
17   ruled differently in July 8.  Now they rule differently.
18            As I recall from April 1 the RICO amended and then
19   in the July 8 ruling the court never addressed RICO.  So it
20   was assumed that the court accepted the RICO claim.  Today
21   the court don't accept the RICO claim so there is some kind
22   of error.  And I saw the fraud claim too.  It's the same
23   thing with the fraud claim too, the issue is the same.
24            THE COURT:  Well, not exactly the same.  The
25   question is the sufficiency as to the third amended
```

```
 1   complaint and looking at the materials, these are the
 2   conclusions that I've reached at this point in time.
 3           Let me hear from the defense.  What's your
 4   response?
 5           MS. TRAN:  Your Honor, it seems from the tentative
 6   that the court has an issue of whether it should maintain
 7   supplemental jurisdiction over some of these remaining state
 8   law claims if in fact the court does grant leave to amend.
 9   And I would start by arguing that the entire --
10           THE COURT:  Well, no, this is the way I would look
11   at it.
12           MS. TRAN:  Okay.
13           THE COURT:  If as to the federal claims, I've
14   reached the conclusion that they are not viable and I'm
15   going to be dismissing them.
16           As to all of the state claims if I conclude that
17   there is no possible basis, then I probably would exercise
18   supplemental jurisdiction at that point in time because
19   there is no sense in sending it to the state court to do
20   something that I can do here now.
21           If I make the determination that there is elements
22   of state claims that are still viable, then what I would
23   simply do is just decide the federal claims now and decline
24   to exercise supplemental jurisdiction as to the state claims
25   and just send the matter back to the state court for the
```

1     state matters to be resolved there.
2              MS. TRAN: Sure, Your Honor. Then so it seems
3     from the tentative that there are two, possibly three
4     causes of action that the court is still a little undecided
5     about. That would be fraud, breach of contract and
6     declaratory relief which would rise and fall with the
7     remaining claims?
8              THE COURT: Well, yes, declaratory relief is
9     basically a statement of relief.
10             MS. TRAN: Sure. So I'd like to address the fraud
11    and breach of contract claims. Then if there is anything
12    else to discuss as far as supplemental jurisdiction, I would
13    address that afterwards.
14             THE COURT: Okay.
15             MS. TRAN: With respect to fraud, Your Honor,
16    the court's tentative makes the comment that the court
17    agrees with defendants that plaintiff has not alleged any
18    damages; however, is inclined to grant leave to amend
19    because this is the first time the defendants have raised
20    this argument.
21             That is however not true. This argument was
22    raised with respect to plaintiff's second amended complaint.
23    Now with full disclosure the court did not hear our motion
24    because of the procedural posture.
25             Plaintiff filed a motion for reconsideration. The

```
 1   motion to dismiss was taken off calendar.  However, we
 2   raised this in our moving papers.  Plaintiff was served with
 3   the papers.  She was aware of the arguments.  And in fact,
 4   in this most recent round plaintiff does not address or
 5   oppose this argument in her opposition as the court points
 6   out in its tentative.
 7            Plaintiff has had four chances, Your Honor, to
 8   allege a claim.  She is fully aware of the elements of the
 9   fraud claim, and not once in any of the amendments has she
10   alleged any damages.
11            This issue has been raised.  It has been brought
12   to her attention.  She did not address it in this round
13   of pleadings.  It's clear from the amendments themselves
14   which have just been copies of previous amendments that
15   there is really no room for any further amendment to fix
16   this claim.
17            THE COURT:  All right.  Let me ask, Ms. Ho.  Do
18   you understand that argument?
19            MS. HO:  Yes, I understand the argument.  But in
20   the April 1 ruling you said the fraud was acceptable
21   according to Rule 9.  And now you don't accept it at all.
22            THE COURT:  No.  But that was a different aspect
23   of it.  The other problem of the Rule 9 was the lack of
24   specificity insofar as alleging the elements of the fraud
25   who said what to whom, when, where, et cetera, et cetera.  I
```

1  don't think I mentioned the issue of damages, but damage is
2  an issue that the plaintiff has to establish.
3           I understand that the defendant is saying, well,
4  we did make it a part of a motion.  Although if the court
5  didn't rule on the motion, I don't know whether or not -- I
6  would buy your argument more if it was an attorney on the
7  other side, but we have a pro per on the other side.
8           MS. TRAN:  Your Honor, understood.  However, there
9  is only so far we can really push this and we've been around
10 the block four times now.
11          THE COURT:  All right.
12          MS. TRAN:  This issue has come up before.
13 Plaintiff has competently responded for the most part to
14 each of the motions that defendants have raised.  There is
15 nothing else she can say here, Your Honor, and the fact also
16 is that plaintiff does not oppose this in her opposition.
17 She does not address it at all in the opposition which is
18 where she could have in this situation.
19          THE COURT:  All right.  I understand your
20 argument.  What else do you want to argue?
21          MS. TRAN:  The breach of contract, Your Honor.
22          THE COURT:  All right.
23          MS. TRAN:  I'm not entirely certain, although
24 I'm fairly confident that breach of contract has been
25 raised before.  I'm not certain because at some point there

Thursday, October 21, 2010; 9:49 A.M.

1  were over 21 causes of action in one of the previous
2  amendments.
3         Plaintiff has raised a breach of contract argument
4  before.  As the court points out, she has not sufficiently
5  alleged a contract.  She's alleged a deed of trust and sort
6  of an ambiguous disclosure document that is not properly
7  incorporated into the deed of trust.  There is no allegation
8  of performance.  There is no allegation of breach.  There is
9  no allegation of damages.
10        Plaintiff has had a chance to allege a breach of
11 contract.  She failed again to do so here.  Once again, we
12 would urge the court to look at the fact that this is the
13 fourth -- this is the third amended complaint, plaintiff's
14 fourth opportunity to allege a claim, and understanding that
15 she is not represented by counsel she has had many, many
16 chances to amend with clear directives by the court on what
17 she would need to do to state a cause of action and she
18 simply has not.
19        THE COURT:  All right.
20        Let me ask.  Ms. Ho, do you want to respond to
21 that?
22        MS. HO:  No because I still have questions because
23 I think there is an error about the RICO claim because on
24 April 1 you did address for me to amend.  Then July 8th the
25 court never addressed the RICO, never mentioned a ruling

1 about the RICO. Now there is mention of the ruling about
2 the RICO. So I was assuming July 8 that the court agreed
3 with -- not agreed but accepted the RICO claim on July 8
4 because there wasn't any ruling on it.
5         MS. TRAN: Your Honor, would you like defendants
6 to provide some explanation on perhaps what plaintiff is
7 getting at here?
8         THE COURT: No. I understand what she's getting
9 at.
10         Anything else from either side?
11         MS. TRAN: No, Your Honor, just those two issues.
12 Defendants would submit on the tentative to the remaining
13 claims.
14         THE COURT: Ms. Ho, anything else?
15         MS. HO: No.
16         THE COURT: Okay.
17         MS. HO: Thank you for the ruling.
18         THE COURT: What I will do is this. I will
19 consider the issues. I will hopefully issue something by
20 the end of next week.
21         Let me ask defense counsel. If you haven't gotten
22 anything from the court by the end of next week, contact my
23 clerk just so that I don't forget that something should go
24 out on this matter and I will give you what my decision is
25 on this matter. Although, frankly, I've basically said my

Thursday, October 21, 2010; 9:49 A.M.

```
 1   decision in my tentative.  But the issue as to whether or
 2   not I will exercise supplemental or not, that's a decision
 3   that I will be making.  All right.
 4            MS. HO:  Your Honor, also on calendar is a status
 5   conference.  I'm not sure if the court wants to address
 6   that.
 7            THE COURT:  Why don't we do this.  Why don't I
 8   just simply continue the status conference in this matter.
 9   I will put it back on calendar for let's say the 4th of
10   November.  So if I haven't gotten something additional out
11   before then I will have gotten something out to you on that
12   date.  If.
13            I issue a decision that more or less gets rid of
14   the entire case, then you don't have to appear.  If you
15   haven't received anything, then I would require you to show
16   up on the 4th and that would be at 8:30.
17            MS. TRAN:  Your Honor, I have a conflict that
18   morning.  If we could do it in the afternoon, that would be
19   fine.
20            THE COURT:  What time is your other?
21            MS. TRAN:  8:30.
22            THE COURT:  Where?
23            MS. TRAN:  The state court of appeal.
24            THE COURT:  All right.  I will put it for the 8th
25   of November then.
```

Thursday, October 21, 2010; 9:49 A.M.

```
 1              MS. TRAN:  Thank you, Your Honor.
 2              MS. HO:  Thank you, Your Honor.
 3              THE COURT:  All right.  Thank you.  Have a nice
 4    day.
 5
 6          (At 9:58 a.m. proceedings were adjourned.)
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Thursday, October 21, 2010; 9:49 A.M.

```
                                                                 12
 1                              --oOo--

 2                             CERTIFICATE

 3

 4

 5        I hereby certify that pursuant to Section 753,

 6   Title 28, United States Code, the foregoing is a true and

 7   correct transcript of the stenographically reported

 8   proceedings held in the above-entitled matter and that the

 9   transcript page format is in conformance with the

10   regulations of the Judicial Conference of the United States.

11

12   Date:  April 25, 2011

13

14

15                            s/_____

16                              WIL S. WILCOX
                              U.S. COURT REPORTER
17                               CSR NO. 9178

18

19

20

21

22

23

24

25
```

Thursday, October 21, 2010; 9:49 A.M.